■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH LOWMAN, Respondent. — Appeal by the People from an order of the Supreme Court, Westchester County (Martin, J.), entered October 25, 1983, which granted defendant's motion to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial pursuant to CPL 30.30. ¶ Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Westchester County, for further proceedings. ¶ On February 3, 1981 a felony complaint charging defendant with robbery in the first degree was filed in the City Court of Mount Vernon. Defendant was arrested and arraigned that same day. The matter was adjourned to February 5, 1981, for the assignment of counsel. On February 5, 1981, defendant appeared with his Legal Aid attorney who then requested a felony hearing which the court scheduled for February 9, 1981. On February 9, 1981, the People withdrew the felony complaint because a material prosecution witness who was to appear at the preliminary hearing said he was afraid to testify and intended to recant his earlier statements. The case was then sent to the Rye district office of the Westchester County District Attorney's office where other robbery charges were pending against defendant. This case was to be included with that file for ultimate submission to the Grand Jury. ¶ On May 20, 1981, the District Attorney learned that defendant had been arrested in Connecticut on an unrelated robbery charge and was being held at the Bridgeport Correctional Center. A bench warrant was issued by the Westchester County Court that same date on an unrelated burglary indictment numbered 81-00445-01. The next day the Westchester County warrant division prepared a detainer in accordance with the provisions of the interstate agreement on detainers (CPL art 580) and which was lodged with the Connecticut authorities on May 21, 1981. Also on that date indictment numbered 81-00560-01, which is the subject of the instant appeal was filed. No warrant was issued or detainer lodged with respect to that indictment. ¶ Thereafter, on April 16, 1982, defendant was sentenced in the Connecticut case. The Westchester County District Attorney did not learn of the disposition in the Connecticut case until May 20, 1982. That same day, New York authorities commenced proceedings for defendant's return. Defendant was returned to New York on August 31, 1982. Defendant appeared in court on September 1, 1982 but the matter was adjourned to September 8, 1982 so that defendant could appear with his attorney. On September 8, 1982, defendant was arraigned on the instant indictment and the People announced their readiness for trial. ¶ In granting defendant's motion to dismiss the indictment, the County Court concluded that, with the exception of

two days, the preindictment delay was chargeable to the People. The nonexcludable portion of preindictment delay was calculated as 3 months and 16 days. While not expressly so stating, the County Court impliedly found excludable the period that elapsed from May 21, 1981, the date the indictment was filed, to April 16, 1982, the date defendant was sentenced in Connecticut. The period from April 16, 1982 to September 1, 1982, when defendant first appeared in the Westchester County Court on the instant indictment was charged to the People with the exception of a period of one and one-half months which the County Court found "could be excluded as a reasonable time period for defendant to be brought back to this jurisdiction". Based upon this calculation, the County Court found that a total nonexcludable period of 6 months and 16 days had elapsed requiring that the motion to dismiss the indictment be granted. ¶ The People did not meet their burden of proving that the delay between the filing of the felony complaint and the subsequent indictment was caused by exceptional circumstances permitting such period to be excluded in determining the six-month period within which the People must be ready for trial (see *People v Berkowitz,* 50 NY2d 333, 349; CPL 30.30, subd 4, par [g]). No facts were set forth to demonstrate that the reluctant witness was vital to the case and that the case could not be presented without him. Nor did the People demonstrate that they attempted with due diligence to make the witness available (see *People v Zirpola,* 57 NY2d 706; *People v Daniel P.,* 94 AD2d 83, 85; cf. *People v Marshall,* 91 AD2d 900). ¶ However, the County Court properly excluded the entire period from May 21, 1981 to April 16, 1982, when the charges in Connecticut were pending against defendant. Connecticut authorities had indicated that they would not surrender defendant until the charges against him in that State were finally determined. As the Court of Appeals stated in *People v Winfrey* (20 NY2d 138, 144), "[r]efusal by another jurisdiction to surrender the defendant would, of course, be an excuse. All that the People would have to do is make the request, sincerely, for the surrender — a letter would do" (see, also, *People v White,* 51 AD2d 221, 223). There is no question here that such a request was made but refused by the Connecticut authorities. ¶ An additional 30-day period is excludable on the basis that CPL 580.20 (art IV) provides such a period for the sending State to honor the request for temporary custody. ¶ With respect to the remaining period between the imposition of sentence in the Connecticut case and defendant's return to New York, we fail to see any basis for not excluding most of that period. It seems that the District Attorney did not monitor closely the progress of the Connecticut case so that 33 days elapsed between the time of sentence and the time that the District Attorney learned of the disposition. However, following their receipt of the information concerning defendant's sentence, the District Attorney acted diligently and expeditiously to have defendant returned to New York. The County Court concluded that the failure of New York authorities to lodge a detainer with respect to the instant indictment together with the fact that the Connecticut authorities misplaced the warrant filed with respect to the unrelated indictment accounted for the delay in producing defendant in New York. We note that the purpose of a detainer is primarily to put officials of the institution in which a defendant is incarcerated on notice that said defendant is wanted in another jurisdiction (see *United States v Mauro,* 436 US 340, 358; CPL 580.20, art I; Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 580.20, p 135). There is every indication in the record that the Connecticut authorities, as well as defendant, were aware that the New York authorities were seeking defendant's return as to both indictments. In fact, defendant's request for disposition of the New York charges filed pursuant to CPL 580.20 (art III) referred to both indictments. Under the circumstances, we cannot find that any delay resulted from

the failure to file a detainer with respect to the instant indictment. Nor may it be said that the misplacing of the detainer by the Connecticut authorities delayed defendant's return to New York. The Connecticut authorities had notice of the New York indictments because the cover letter referring to the warrant was in the defendant's file, although the warrant itself had become detached and was buried in the file. Both the New York and the Connecticut authorities proceeded to take the steps necessary for defendant's return. New York was never even aware of the misplaced warrant. Accordingly, the period during which the warrant was missing should not be charged to the People (cf. *People v McBride,* 44 NY2d 1001). ¶ Subtracting the period that defendant was known to be detained in Connecticut (i.e., 468 days) from the 582 days which elapsed between the filing of the felony complaint on February 3, 1981 and the People's announcement of their readiness for trial on September 8, 1982, we conclude that no violation of CPL 30.30 occurred. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.