THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK LABOUNTY, Respondent.

Fourth Department, December 14, 1984

### APPEARANCES OF COUNSEL

*Richard J. Arcara, District Attorney* (*Jo Faber* of counsel), for appellant.

*Rose H. Sconiers* (*Charles Halvorsen* of counsel), for respondent.

### OPINION OF THE COURT

HANCOCK, JR., J. P.

Because the People were not ready for trial within six months of the commencement of the criminal action as required by CPL 30.30, Supreme Court has dismissed a felony indictment charging defendant with two counts of rape, first degree, and one count of unlawful imprisonment. In the People's appeal the central question is whether the 9½-month delay from November 17, 1982, when the felony complaint was filed, until August 31, 1983, when the District Attorney's office first received notice of the complaint's filing, should be excluded as caused by "exceptional circumstances" (CPL 30.30, subd 4, par [g]). The People argue that it should, pointing out that the delay in notification arose from circumstances beyond their control which made it impossible for them to be ready for trial within the prescribed time limit. For reasons hereinafter stated, we agree with this contention.

On November 11, 1982, the victim, who lived in the same rooming house as defendant, reported to the Buffalo Police

Department that he had raped her twice — once on November 10, 1982 and once on November 11, 1982, when he imprisoned her in his room for about six hours. Upon receipt of this report, Officer Chella went to defendant's room and talked to him. Chella returned on November 13, 1982 and was told by the manager of the rooming house that defendant had "left the premises hastily on 11/11/82 after talking with [Chella] and ha[d] not been seen since."[1]

On November 15, 1982, police obtained and executed a search warrant; on November 17, 1982, they filed the felony complaint and had an arrest warrant issued which, because defendant had disappeared, they could not execute. The clerk of the local court where the felony complaint was filed never transmitted a copy to the District Attorney's office (see CPL 110.20) and no other notification was given of the pending action based on the victim's complaint. The District Attorney's office did not learn of it until defendant's subsequent arrest on another charge.

During the next six months, in an effort to locate defendant, the police made inquiries in bars and other places he was known to frequent, sent a copy of the arrest warrant to the Welfare Investigation Department and caused his welfare checks to be stopped, forwarded photographs and fingerprints to the Rochester and Syracuse Police Departments requesting their assistance, and enlisted the aid of the State Police in searching for defendant and in checking various records including those in the Department of Motor Vehicles.

On August 30, 1983, defendant was arrested under an alias in Ellenville, Ulster County, on an unrelated matter. When advised of this arrest, the Buffalo Police Department for the first time notified the Erie County District Attorney's office of the existence of the warrant stemming from the outstanding complaint.

At the argument of the CPL 30.30 motion, the People contended that the delay was excusable as resulting from their inability to proceed because they had no notice of the commencement of the action (see CPL 30.30, subd 4, par [g]) and because defendant had absconded to avoid prosecution and could not be found despite the diligent efforts of the police (see CPL 30.30, subd 4, par [c]). In its decision, the court properly refused to exempt the time of defendant's unavailability (CPL 30.30, subd 4, par [c]; see *People v Sturgis,* 38 NY2d 625, 628) noting that his

---

1. At the arraignment, the District Attorney stated that defendant had left a note to his landlord on or about November 11, 1982, saying, "The police are looking for me, I won't be back".

absence could not be considered to have contributed to the delay since a prosecutor may, in any event, proceed to indict a fugitive defendant.[2] The court, although alluding to the People's contention based on their lack of awareness of the criminal action, rejected this argument without comment. We conclude that on this record the court, in the exercise of its discretion, should have excluded the time from November 17, 1982 to August 31, 1983 as delay due to "exceptional circumstances" (CPL 30.30, subd 4, par [g]). Accordingly, the motion should be denied and the indictment reinstated.

Whether a court should find "exceptional circumstances" (CPL 30.30, subd 4, par [g]) calls for an exercise of its discretion in analyzing the facts peculiar to the situation presented (see *People v Rivera,* 98 Misc 2d 986, 991; *People v Tolkow,* 80 Misc 2d 1051, 1053; 3 Zett, NY Crim Prac, par 23.5 [7] [c]). No decision purports to give a definition of the term "exceptional circumstances" or to lay down guidelines as to when a court should find the existence of such circumstances. But analysis of cases where "exceptional circumstances" have been found reveals two common factors: (1) that the delay was due to circumstances beyond the control of the District Attorney's office; and (2) that it prevented the prosecution from being ready for trial. Situations held to constitute "exceptional circumstances" include the refusal by a foreign jurisdiction to surrender the defendant to New York authorities (see *People v Lowman,* 102 AD2d 896), the trial court's failure to arraign defendant (see *People v Smith,* 97 AD2d 485; see, also, *People v Sturgis,* 38 NY2d 625, 627, *supra,* excluding delay due to the court's retention of all papers pertaining to the action), and the lack of Grand Jury minutes caused by the nervous breakdown of a court stenographer who took unintelligible notes (see *People v Hall,* 61 AD2d 1050). On the other hand, courts have declined to find "exceptional circumstances" where the delay was caused by factors for which the People were responsible or over which they had some control such as the claimed inability of the District Attorney's office to handle a backlog of cases due to an inadequate staff (see *People v Sturgis,* *supra,* pp 628-629), the defendant's incarceration in another jurisdiction where the New York authorities made no effort to have him returned (see *People v Winfrey,* 20 NY2d 138, 144), and

**2.** The Second Department has recently held that delay arising from a policy of the Westchester County District Attorney's office not to seek indictments against fugitive defendants may be excludable (see *People v Bratton,* 103 AD2d 368; see, also, *People v Williams,* 56 NY2d 824, 826). There is no proof before us that the Erie County District Attorney's office has adopted such a policy.

the unavailability of Grand Jury minutes because a stenographer left the office (see *People v Ferrara,* 102 Misc 2d 253, 260-261, noting that the People are responsible for the transcription of Grand Jury minutes) or by factors which did not prevent the People from proceeding or being ready for trial, such as court congestion and lack of court facilities (see *People v Brothers,* 50 NY2d 413, 417), the defendant's preindictment absence (see *People v Sturgis,* 38 NY2d 625, *supra*) and the misfiling of the indictment by the county clerk, an error which, because the People were fully aware of the action, did not relieve them of their responsibility to proceed (see *People v Sims,* 59 AD2d 546).

We hold here that the omission of the court clerk to give the District Attorney's office notice of the action (see CPL 110.20), compounded by defendant's absence which made impossible his arrest and arraignment, are circumstances beyond the People's control which prevented them from being ready for trial within the statutorily mandated time limit and amount to "exceptional circumstances" within the statute. Obviously, the People could not have proceeded against defendant without knowing that an action had been brought against him. They had no obligation to monitor the filing of felony complaints; on the contrary, the responsibility to notify the District Attorney rested solely with the court clerk (see CPL 110.20). Our holding, we think, comports with the judicial recognition that CPL 30.30 is a "readiness rule" (i.e, one requiring that the People be ready for trial within the specified time) as opposed to a "prompt trial rule" (i.e., one requiring that the defendant be brought to trial within the specified time) (see *People v Brothers,* 50 NY2d 413, 416-417, *supra; People v Gruden,* 42 NY2d 214, 217).[3] A contrary ruling (i.e., dismissing the case when the People could not have been ready for trial because, due to factors beyond their control, they did not know of its existence) would clearly not be consistent with the purpose of the statute to require prompt readiness for trial on the part of prosecutors (see, generally, *People v Osgood,* 52 NY2d 37, 41-42; *People v Brothers, supra*).

---

**3.** The court in *People v Brothers* (50 NY2d 413, 416-417) noted that the clear intent of the Legislature in enacting CPL 30.30 was to establish a "readiness rule" to supersede the "prompt trial rule" which had been promulgated by the Administrative Board of the Judicial Conference (see *People v Gruden,* 42 NY2d 214, 217). As a result of the enactment of CPL 30.30, "diligence, blamelessness or readiness on the part of the District Attorney * * * constitutes good cause for what would otherwise be undue delay requiring release or dismissal" (Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A [1972-1981 Supp Pamph], CPL 30.30, p 69; see *People v Gruden, supra,* p 217).

In the exercise of our discretion, the order should be reversed and the indictment reinstated.

DOERR, DENMAN, BOOMER and O'DONNELL, JJ., concur.

Order unanimously reversed, motion denied, and indictment reinstated.