THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERMAN LUIS-FIGUEROA, Respondent.—Order unanimously affirmed. Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment on statutory speedy trial grounds, arguing that the facts of this case constitute "exceptional circumstances" within the meaning of CPL 30.30 (4) (g). We disagree. Defendant was arrested on a number of drug-related charges on March 1, 1990, and, on March 6, 1990, the Onondaga County Grand Jury issued a 12-count sealed indictment charging defendant and a codefendant with various crimes. Defendant never was arraigned on the indictment. In November 1990, defendant moved to dismiss the indictment (CPL 210.20 [1] [g]). The People responded that, although the six months had run on September 1, 1990, they were unable to announce the case ready for trial because the indictment remained sealed pending the arrest of the codefendant, who had yet to be located.

The People failed to show that the delay was caused by exceptional circumstances. There was no proof of an on-going narcotics investigation (see, People v Washington, 43 NY2d 772; cf., People v Capparelli, 68 AD2d 212); the People alleged only that a warrant was issued for the codefendant's arrest and he had not yet been located. Moreover, nine counts in the indictment were against defendant only and the People offered no explanation for the failure to indict defendant separately on those charges. The People do not argue that they had no control over the sealing of the indictment with respect to defendant and, in fact, at oral argument on defendant's motion to dismiss, the court unsealed the indictment at the People's request. Thus, the People failed to show that the delay was caused by circumstances beyond the control of the District Attorney's office (see, People v LaBounty, 104 AD2d 202, 204). (Appeal from Order of Supreme Court, Onondaga County, Gorman, J.—Dismiss Indictment.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.