■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MICKEWITZ, Appellant. [620 NYS2d 636] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on speedy trial grounds *(see,* CPL 30.30). We conclude that the time period from July 28, 1992, when the police filed the accusatory instrument, to October 12, 1992, the date defendant was arrested and the District Attorney was first notified of the criminal action, was properly excluded as caused by "exceptional circumstances" (CPL 30.30 [4] [g]).

It is undisputed that the accusatory instrument filed on

July 28, 1992 was not forwarded to the District Attorney's office. After attempting to locate defendant and setting up surveillance outside his residence, the police were able to arrest defendant on October 12, 1992. It was at that time that the District Attorney's office was first notified of the criminal action. The People could not have proceeded against defendant without knowing that an action had been brought against him *(see, People v LaBounty,* 104 AD2d 202, 205). We conclude, therefore, that the court properly refused to dismiss the indictment.

The court did not err in permitting the People to cross-examine defendant on a pending homicide charge. Cross-examination on an unrelated pending criminal charge solely for the purpose of impeaching defendant's credibility is impermissible *(see, People v Bennett,* 79 NY2d 464, 468). Here, however, the purpose of the cross-examination on that charge was to refute defendant's agency defense. In any event, any error is harmless because at trial defendant conceded that he possessed a controlled substance, the crime of which he was convicted, and was acquitted of criminal sale of a controlled substance in the seventh degree. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.