OPINION OF THE COURT
Larry M. Himelein, J.
Defendant has moved to dismiss the indictment on the ground that his speedy trial rights contained in CPL 30.30 have been violated. The People oppose the motion on several grounds including the claim, which this court finds to be specious, that defendant’s motion is insufficient in law and fact (see, People v Luperon, 85 NY2d 71; People v Santos, 68 NY2d 859).
*201 Defendant was involved in a serious motorcycle accident on August 9, 1997. He was mercy flighted to Erie County Medical Center as a result of his injuries. He was also charged with felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]), aggravated unlicensed operation (AUO) in the first degree (Vehicle and Traffic Law § 511 [3] [a]), failure to reduce speed on a curve (Vehicle and Traffic Law § 1180 [e]), failure to keep right (Vehicle and Traffic Law § 1120 [a]) and failure to wear a motorcycle helmet (Vehicle and Traffic Law § 381 [6]). The aggravated unlicensed operation charge was contained in a felony complaint while uniform traffic tickets were issued for the other charges.
Defendant was released from the hospital on or about August 28, 1997. For reasons that do not appear in the papers, he may or may not have been arraigned in the Portville Town Court on January 6, 1998. The People contend that defendant was “partially arraigned” on that date, whatever that means. Defendant claims that he never appeared in the local criminal court. In an affidavit filed with the People’s responsive papers, the Town Judge stated that he had arraigned the defendant on January 6, 1998 and assigned counsel. These factual claims appear to be substantially diverse.
Sometime in January 1998, defendant was assigned an attorney. On January 9, 1998, by letter to the court, counsel waived defendant’s arraignment and a preliminary hearing because of defendant’s “present medical condition.” Since this letter refers to a conversation counsel had with the court that same day, it would appear that counsel was assigned on January 9, 1998.
Defendant was indicted on March 19, 1998 and the People filed a statement of readiness on that date. Defendant was arraigned on March 30, 1998 and the People reiterated their readiness. The case was adjourned for motions and defendant’s speedy trial motion was filed on May 15, 1998. Oral argument was held on June 22, 1998 and the court reserved decision.
Both parties appear to miss one issue. When a uniform traffic ticket is issued, the speedy trial clock does not begin until the defendant first appears in response to the appearance ticket (CPL 30.30 [5] [b]; People v Velie, 193 AD2d 1107). With respect to the DWI and the traffic offenses, defendant did not appear in response to these tickets until January 9, 1998 and thus, the speedy trial clock did not begin until then and the People, having declared ready on March 19, 1998, are well within the six months provided for in CPL 30.30 (1) (a).
*202 Turning to the AUO charge, the People contend that the period from August 9, 1997 through January 6, 1998 is excludable on the ground of “exceptional circumstances” (see, CPL 30.30 [4] [g]) in that the People had no knowledge of the case because the local court retained the accusatory instruments and never notified the District Attorney of the charges. Alternatively, they argue that this same period is excludable as “exceptional circumstances” because the local court failed to arraign the defendant. They also contend that the period from August 9, 1997 through January 1, 1998 is excludable as an “exceptional circumstance” because of the election of a new District Attorney.
This last contention is easily rejected. How the present District Attorney can claim an “exceptional circumstance” exclusion for a period prior to his assuming office baffles the court.
More substantial, however, are the People’s claims that the time defendant went unarraigned is excludable because of the local court’s failure to arraign the defendant or notify the District Attorney’s Office that the case was pending. In People v Sturgis (38 NY2d 625), the Court held that a four-day period during which the local court retained all the paperwork pertaining to a case before submitting it to the District Attorney was excludable as “exceptional circumstances” under CPL 30.30 (4) (g).
The felony complaint was filed with the Town Court on August 9, 1997. The filing of a felony complaint, of course, commences the CPL 30.30 clock (People v Osgood, 52 NY2d 37). The People thus had 184 days in which to announce their readiness for trial (People v Cortes, 80 NY2d 201, 207, n 3; People v Rhee, 111 AD2d 655; People v Jones, 105 AD2d 179, affd 66 NY2d 529). Their statement, filed March 30, 1998, 233 days after commencement of the action, is clearly untimely unless there is sufficient excludable time to bring the time charged against the People to 184 days or less.
If Sturgis (supra) is still good law, defendant’s motion must be denied. If the period of time during which a local criminal court retains the paperwork continues to be excludable, it matters not, theoretically, whether the delay is four days, four months or four years. The court disagrees with defendant’s contention that this part of the Sturgis holding was dictum; while the case in fact discusses other, more extensive issues, there was a clear holding that the four-day period “during which a Judge of the City Court of Rochester retained all *203 papers pertaining to the action before submitting them to the District Attorney” was not chargeable to the People (see, 38 NY2d, at 627).
Defendant, not without merit, contends that a four-day delay is significantly different from the five-month delay at issue here. However, the statute provides that the People are not chargeable with “other periods of delay occasioned by exceptional circumstances” (CPL 30.30 [4] [g]). Interestingly, this period apparently need not be “reasonable” (compare, CPL 30.30 [4] [g], with CPL 30.30 [4] [a] [“a reasonable period of delay” (emphasis supplied)]).
Nonetheless, defendant asserts that People v Cortes (supra) stands for the proposition that delays attributable to the “fault of the court” are not always excludable. In Cortes (80 NY2d, at 209), the failure to provide the defendant with a County Law article 18-B attorney was “unquestionably attributable” to the court, and thus, the exclusion provided by CPL 30.30 (4) (f) was not available. However, that period of delay was not charged against the People because the People had previously announced their readiness for trial. Since the delay here occurred prereadiness, Cortes clearly supports defendant’s position unless Sturgis (supra) remains good law. Logically, Sturgis should control since the People could hardly be expected to be ready for a trial in a case they were unaware of.
The People further contend that these facts are governed by People v LaBounty (104 AD2d 202). In LaBounty, the police filed a felony complaint and obtained an arrest warrant. The local court, however, failed to transmit a copy of the felony complaint to the District Attorney’s Office, a duty required by CPL 110.20. The Court found that the delay of approximately nine months until defendant was arrested under an alias and the District Attorney’s Office was for the first time notified of the charges, compounded by the defendant’s absence, constituted “exceptional circumstances” under the statute. It is not altogether clear that the court clerk’s failure alone would have led to the same result.
Here, however, it appears that the duty to notify the District Attorney of the arrest was the officer’s rather than the court’s. CPL 110.20 provides that when a police officer is the complainant, “such officer or his agency shall transmit the copy of the accusatory instrument to the appropriate district attorney.” (Emphasis supplied.) In LaBounty (supra), where the victim was the complainant, the onus to notify the District Attorney was on the court; here, where the arresting officer was the *204 complainant, that duty was on the officer or his agency. This court is unsure whether this fact sufficiently distinguishes this case from LaBounty to compel a different result.
People v Mickewitz (210 AD2d 1004) is also cited by the People to support the principle that the time the District Attorney is unaware of the case is not chargeable against them for CPL 30.30 purposes. However, Mickewitz is unclear on the question of who the complainant was for CPL 110.20 purposes or whether it even matters. While it is always dangerous to predict, based on other cases, this court believes that the Court of Appeals would probably hold that if the arresting officer, rather than the court, has the duty to notify the District Attorney of the case, the failure to do so will not constitute excludable time (see, e.g., People v Briggs, 38 NY2d 319 [People chargeable with officer’s failure to notify them of defendant’s statement and noncompliance with the 15-day requirement contained in CPL 710.30 barred admissibility of defendant’s statement]; People v Schulz, 67 NY2d 144 [People charged with failure to serve wiretap documents pursuant to CPL 700.70 even though the police told the District Attorney that documents had been served and wiretap was conducted in another county]).
Thus, while this court believes the Court of Appeals would probably charge the People with the period from arrest to arraignment, it is not clear that the Fourth Department has drawn a distinction for CPL 30.30 purposes, between cases where the arresting officer is obligated to notify the District Attorney and cases where the court has that responsibility. In fact, since Mickewitz (supra) appears to be a case where the arresting officer was the complainant and thus had the duty to notify the District Attorney of the case, and the ruling was the same as that in LaBounty (supra), this court believes it is duty bound to follow Mickewitz and defendant’s motion is therefore in all respects denied.