98 N.Y.2d 336 (2002)
774 N.E.2d 743
746 N.Y.S.2d 678
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
JOSEPH SMIETANA, Appellant.
Court of Appeals of the State of New York.
Argued June 4, 2002.
Decided July 2, 2002.
*337 David J. Pajak, Buffalo, for appellant.
Frank J. Clark, District Attorney, Buffalo (J. Michael Marion of counsel), for respondent.
Jonathan E. Gradess, Albany, and Alfred O'Connor for New York State Defenders Association, amicus curiae.
John C. Tunney, District Attorney, Bath, and Richard E. Weill for New York State District Attorneys Association, amicus curiae.
Judges SMITH, LEVINE, WESLEY and ROSENBLATT concur with Judge GRAFFEO; Chief Judge KAYE dissents and votes to reverse and dismiss the accusatory instrument in a separate opinion in which Judge CIPARICK concurs.

*338 OPINION OF THE COURT
GRAFFEO, J.
Defendant was convicted of harassment in the second degree after a nonjury trial. On appeal, he contends that the charge should have been dismissed on statutory speedy trial grounds. We disagree.
An information signed by a police officer was filed in Buffalo City Court on June 5, 1998 charging defendant with criminal contempt in the second degree, a class A misdemeanor (Penal Law § 215.50 [3]) and harassment in the second degree, a violation (Penal Law § 240.26 [3]). The information referenced a supporting deposition signed by defendant's estranged wife who alleged that on May 19, 1998, in violation of a Family Court order of protection, defendant drove by her home on several occasions and shouted obscenities. In a subsequent deposition, she detailed that defendant had yelled at her that she was "going to be dead" and would "be leaving Buffalo in a body bag"; he also telephoned her and stated he would set fire to her house if her boyfriend visited her home.
Buffalo City Court issued a summons directing defendant to appear. Defendant went to police headquarters on July 14, 1998 to pick up the summons and, that same day, he was assigned counsel and arraigned. He entered a plea of not guilty and a pretrial conference was scheduled. The Erie County District Attorney's office was first advised of the charges against defendant on the date of arraignment. At the August 7 pretrial conference, defendant's attorney indicated that he intended to serve discovery motions on the District Attorney's office and the People announced their readiness for trial. The matter was adjourned to September 8 and, on that date, the parties agreed that discovery was complete and a trial date was set. On October 28, the scheduled trial date, the People appeared with their witnesses but the trial was postponed to December 21 when it was determined that one of the witnesses *339 could not testify without the aid of an interpreter for the hearing impaired.
On the adjourned trial date, defendant moved to dismiss the information on statutory speedy trial grounds, contending that the appropriate CPL 30.30 time frame was 90 days after the filing of the accusatory instrument and the People had failed to timely proceed because they were chargeable with two significant periods of delay: the 39 days between the filing of the information and arraignment and an additional 55 days of postreadiness delay. Defendant further claimed that the prosecutor's statement of readiness was illusory because a copy of the order of protection underlying the criminal contempt charge had never been filed.
The People agreed that the appropriate time period was 90 days but argued they were chargeable with only 24 of the 199 days between the filing of the information and the December 21 trial datethe period between the arraignment on July 14 and the statement of readiness on August 7. They asserted that the pre-arraignment period was excludable as an exceptional circumstance under CPL 30.30 (4) (g) because the People did not know charges were pending against defendant until the date defendant was arraigned. Finally, the People contended their statement of readiness was valid because they had procured a certified copy of the order of protection and the police had confirmed the order's existence before filing charges.
Although the parties concurred that the applicable speedy trial period was 90 days from the filing of the accusatory instrument, City Court employed a different analysis. Concluding that the allegations underlying the criminal contempt charge were insufficient, the court dismissed the misdemeanor charge and reasoned that, because the remaining harassment charge was a violation, the People were required to announce readiness for trial within 30 days under CPL 30.30 (1) (d). Nonetheless, City Court held that the action was not time-barred because the 39-day pre-arraignment period was excludable due to the People's lack of knowledge of the charges and the People had announced readiness within 24 days after the arraignment, thereby meeting the 30-day time requirement. Defendant's claim of postreadiness delay was also rejected.
After a nonjury trial, defendant was convicted of harassment and sentenced to a conditional discharge predicated on his completion of 30 hours of community service. County Court, Appellate Term, affirmed and a Judge of this Court granted defendant *340 leave to appeal. On appeal, defendant contends that he was entitled to dismissal of the harassment charge because the People were chargeable with the 39 days between the filing of the accusatory instrument and the arraignment even though the District Attorney's office was not aware that the charges were pending.
CPL 30.30 time periods are calculated based on the most serious offense charged (CPL 30.30 [1]). They generally run from the date of filing of the accusatory instrument (see CPL 30.30 [1]; 100.05), except where the police issue an appearance ticket, in which case the period is calculated from the date a defendant first appears in criminal court (see CPL 30.30 [5] [b]; People v Stirrup, 91 NY2d 434 [1998]). On occasion, however, the applicable time frame must be recalculated due to a subsequent change in the nature of the charges (see CPL 30.30 [5]; People v Cooper, 90 NY2d 292 [1997]).
Here, in addition to the harassment violation, defendant was initially charged with criminal contempt in the second degree, a misdemeanor punishable by up to a year in jail (see Penal Law § 70.15 [1]). CPL 30.30 (1) (b) requires that the People be ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." Accordingly, at the time this action was commenced, the applicable speedy trial period was 90 days from the filing of the accusatory instrument.
When it dismissed the misdemeanor nine months later, City Court retroactively reduced the 90-day period and applied a 30-day period to the remaining harassment charge. Because the People have not challenged this aspect of City Court's ruling in this Court, this threshold issue has been waived (see generally People v Brothers, 50 NY2d 413, 418 [1980]). We are therefore constrained to assume for purposes of this appeal that, upon dismissal of the misdemeanor charge, the relevant CPL 30.30 period became 30 days calculated from the date of filing of the accusatory instrument.
Thus, we must address defendant's contention that the period between the filing of the accusatory instrument and the arraignment was chargeable to the People. The People argue that this time was properly subtracted under CPL 30.30 (4) (g), which provides for the exclusion of "periods of delay occasioned by exceptional circumstances." We agree.
*341 There is no precise definition of what constitutes an exceptional circumstance under CPL 30.30 (4) (g). The Legislature enacted this catchall provision because it could not anticipate every situation that might warrant tolling of the speedy trial time period. Our cases provide some guidance, however. We have repeatedly emphasized that the People may not rely on factors which do not actually prevent them from being ready to proceed to trial to justify a failure to timely announce readiness (see also, People v Chavis, 91 NY2d 500 [1998]; People v Cortes, 80 NY2d 201 [1992]; People v Correa, 77 NY2d 930 [1991]). Conversely, where the People are truly unable to take necessary steps to prepare for trial and announce readiness due to circumstances which are beyond their control, the CPL 30.30 clock must stop temporarily while those circumstances persist.
When the detective filed the information charging defendant with a misdemeanor and a violation, the operative speedy trial period was 90 days. Given that the accusatory instrument was prepared without the knowledge or involvement of the prosecutor, there is obviously no claim that the People overcharged the case to obtain a more favorable CPL 30.30 period. Instead of ordering defendant's immediate arrest (an event that would have triggered an earlier arraignment), City Court set an arraignment date well within the then-applicable 90-day time frame and issued a summons directing defendant to appear. Defendant has not challenged the propriety of this docketing decision.[1]
Criminal Procedure Law § 110.20 provides that when a police officer as complainant files an accusatory instrument charging a misdemeanor or felony in a local criminal court (in any jurisdiction other than New York City), the officer is required to transmit a copy to the District Attorney's office "upon or prior to the arraignment of the defendant on the accusatory instrument" (see also CPL 1.20; Penal Law § 10.00 [6]). Unquestionably, in enacting CPL 110.20, the Legislature chose to place the duty of notification on the police in these *342 circumstances. Here, the police complied with this directive by advising the prosecutor of the pending charges on the arraignment date.
It is clear from this record that the police, the court, and the District Attorney did precisely what the law required of them. Yet, through no fault of their own (or of anyone else in the criminal justice system), the People were unaware of the charges prior to arraignment. It is axiomatic that the People cannot prepare for the trial of a case they do not know exists. It was thus impossible for the People to prepare for trial, much less to announce readiness, within 30 days after the accusatory instrument was filed.[2] CPL 30.30 requires that the People diligently pursue prosecution of a criminal defendant; it was not intended to create a trap requiring dismissal of accusatory instruments in cases where the Peopleunaware of the chargeswere genuinely unable to prepare for trial and timely announce readiness within the operative time frame. Accordingly, the pre-arraignment period was properly excluded under CPL 30.30 (4) (g).
Defendant's argument that this circumstance cannot be deemed exceptional because it arose due to a systematic failure of the District Attorney to learn of pending cases in a timely manner must be rejected. The Criminal Procedure Law does not impose any obligation on the District Attorney to monitor filings in local criminal courts.[3] Notwithstanding this fact, there is no indication in the recordand neither defendant nor the amici have established in this Courtthat the People's unawareness of pending charges prior to arraignment frequently persists for such periods of time as to impair speedy trial rights. Nor has there been a demonstration that local criminal courts consistently schedule arraignments in such cases without regard to applicable CPL 30.30 time periods. Indeed, our research indicates that only one Appellate Division has had occasion to address a lack of notice situation and it *343 has done so only twice since CPL 30.30 was enacted in 1972 (see People v Mickewitz, 210 AD2d 1004 [4th Dept 1994], lv denied 85 NY2d 977 [1995]; People v LaBounty, 104 AD2d 202 [4th Dept 1984]). It appears the facts of this case may fairly be characterized as exceptional.
We have considered defendant's remaining arguments and conclude that they are without merit.
The order of County Court should be affirmed.
Chief Judge KAYE (dissenting).
The language of CPL 30.30 and its legislative history demonstrate that the statute was intended to address delays occasioned by prosecutorial inaction (People v McKenna, 76 NY2d 59, 63 [1990]). For 39 days, the People were unaware that a misdemeanor complaint had been filed, until they learned of its existence at arraignment. Having failed to attach a copy of the order of protection to the complaint, the People were then met with dismissal of the misdemeanor contempt charge and received an unfavorable ruling of 30 days in which to be ready on the violation. The prosecution was saved only by City Court's determination that the People's ignorance of the charges, prior to arraignment, constituted an "exceptional circumstance" (CPL 30.30 [4] [g]).
Defendant was convicted of the violation. On appeal, County Court observed that the People did not "challenge that portion of the court's determination that they had thirty days in which to be ready for trial with respect to the harassment offense." Indeed, the People never again raised the claim that they had 90 days in which to be ready. "The fact that a particular ruling may be erroneous does not by itself transform that ruling into an `exceptional circumstance'" (People v Cortes, 80 NY2d 201, 211-212 [1992]). These words should be given their plain meaning. Although unexpected, the retroactive reduction does not amount to an exceptional circumstance.
Examples of exceptional circumstances include the unavailability of evidence despite the People's due diligence in trying to obtain it and the need for additional time to prepare the case, justified by the exceptional circumstances of the case. The Court should not recognize an exceptional circumstance based on the District Attorney's own conceded policy of remaining unaware, until arraignment, of accusatory instruments filed by police. True, the CPL does not impose an explicit obligation on the People to "monitor" filings in criminal courts. A criminal action commences, however, with the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 *344 [16], [17]; 100.05). It is this commencement of the criminal action that triggers the People's obligation to be ready for trial within the prescribed statutory period (CPL 30.30 [1]).
Criminal Procedure Law § 110.20 should not operate to toll the People's obligation to be ready in every case. That statute, remedial in nature, acts to insure that in areas outside New York City, the People have notice promptly, by arraignments at the latest, of accusatory instruments charging a crime, filed mainly by police. Enacted in 1977 at the urging of the court system, the law was designed specifically to confront the unfortunate reality that in some rural areas, "the interval between arraignment and informal notification to the district attorney may be as much as several weeks. This is an unnecessary and undesirable delay, especially where a defendant is incarcerated" (Mem in Support of S 3507, Bill Jacket, L 1977, ch 353). The bill was also passed to prevent courts from disposing of cases in the prosecutor's absence. It did not reference CPL 30.30 and was in no way intended to provide the People with an exceptional circumstance, for speedy trial purposes, from the filing of the complaint until the defendant's arraignment. Nor does the law provide a sanction for the failure of police to abide by its requirement to notify the district attorney "upon or prior to the arraignment"whenever that may be.
The People concede here that the "assistant district attorney is present at the regular time a court schedules arraignments, and receives the accusatory instruments pertaining to the cases scheduled for that day or night." If, in Buffalo City Court, the People wish to wait in every case until arraignments to learn of the filing of an accusatory instrument, that is their choice, but the defendant should not be burdened by it. In a situation such as this, where, as a result of their own inaction, the People had less time to prosecute than they thought, they should not benefit from an exceptional circumstance.
Accordingly, I would reverse and dismiss the accusatory instrument.
Order affirmed.
NOTES
[1] Nor are we in a position to second-guess this scheduling decision. "Responsibility for scheduling an arraignment date and securing a defendant's appearance lies with the court, not the People" (People v Carter, 91 NY2d 795, 799 [1998]). Among other concerns, City Court's choice of arraignment date in this misdemeanor case involving a defendant who was at liberty might well have been necessary to facilitate prompt arraignment of defendants who were in police custody or to accommodate adjudication of pending violation cases which had shorter CPL 30.30 time frames.
[2] The People could not have anticipated that City Court would later dismiss the misdemeanor and retroactively reduce the People's time for announcing readiness for trial, giving them no opportunity to preserve the prosecution. Even if the People had known of the charges on June 5, they would have had no speedy trial concern regarding City Court's decision to schedule the arraignment more than 30 days later.
[3] In Erie County, for example, in addition to the Supreme and County Courts, there are 40 local courts with criminal jurisdiction. Given the administrative costs associated with mandating that the Erie County District Attorney's office review the filings of each one, it would be inappropriate to judicially impose such an obligation when the Legislature has not done so.