[923 NE2d 1107, 896 NYS2d 719]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN PRICE, Respondent.

Argued January 6, 2010; decided February 11, 2010

**POINTS OF COUNSEL**

*Thomas J. Spota, District Attorney,* Riverhead (*Thomas C. Costello* of counsel), for appellant. The lower court erred when it dismissed the indictment on speedy trial grounds. (*People v Kozlow,* 31 AD3d 788, 8 NY3d 554; *People v Foley,* 94 NY2d 668, 531 US 875; *People v Smietana,* 98 NY2d 336; *People v Chavis,* 91 NY2d 500; *People v Cortes,* 80 NY2d 201; *People v Correa,* 77 NY2d 930; *People v Warren,* 81 AD2d 872; *People v Clayton,* 39 AD3d 873.)

*Reynolds, Caronia, Gianelli, Hagney, La Pinta & Quatela, LLP,* Hauppauge (*Christopher B. Abbott* of counsel), for respondent. The indictment was properly dismissed on speedy trial grounds, as there exists no exceptional circumstance pursuant to CPL 30.30 (4) (g). (*People v Smietana,* 98 NY2d 336; *People v Kozlow,* 31 AD3d 788; *People v Cortes,* 80 NY2d 201; *People v Warren,* 81 AD2d 872, 85 AD2d 747.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

At issue is whether the prosecution may rely on the "exceptional circumstances" exclusion contained within CPL 30.30 (4) (g) to avoid dismissal of defendant's indictment on speedy trial grounds. We hold, as the Appellate Division did below, that the exclusion does not apply under the circumstances presented here.

On February 2, 2006, defendant was arraigned in Suffolk County on a felony complaint charging him with attempted disseminating indecent material to minors in the first degree. Defendant allegedly engaged in explicit, sexually motivated

internet conversations with an undercover police officer posing as a 14-year-old girl. The communication, however, did not involve the transmission of any sexual images.

Nearly six months later, on July 25, 2006, the Second Department held in *People v Kozlow* (31 AD3d 788 [2006], *revd* 8 NY3d 554 [2007]) that a defendant may not be convicted of the above-named crime where the communications upon which the conviction is sought do not include sexual images. In light of the decision in *Kozlow*, the District Attorney's office prosecuting this case—which is located within the Second Department—determined that defendant could not be indicted. The criminal complaint against defendant was, however, left pending.

On April 26, 2007, this Court reversed the Second Department in *Kozlow* and held that a defendant charged with the subject crime may properly be convicted of that crime "even though his communications contained no nude or sexual images" (8 NY3d at 556). Believing that our decision in *Kozlow* removed any barrier to the prosecution of defendant in this case, the People presented their case to the grand jury, which returned an indictment against defendant on May 30, 2007. Defendant was arraigned on that indictment on June 14, 2007, more than 16 months after he was initially arraigned on the felony complaint.

Defendant moved to dismiss the indictment on speedy trial grounds. The People opposed the motion, arguing that the interval between the Second Department's decision in *Kozlow* and this Court's reversal of *Kozlow*—a total of 275 days—should be excluded from the speedy trial calculation pursuant to the "exceptional circumstances" provision of CPL 30.30 (4) (g). Supreme Court granted defendant's motion, and the Appellate Division, in the order now before us by leave of a Judge of this Court, affirmed (61 AD3d 127 [2d Dept 2009], *lv granted* 12 NY3d 919 [2009]).

CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the commencement of a criminal action in which a felony is charged. The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain time periods should be excluded. CPL 30.30 (4) sets forth certain "periods [that] must be excluded," and includes a catchall provision for

"other periods of delay occasioned by exceptional

circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case." (CPL 30.30 [4] [g].)

The parties here do not dispute that the People were not ready for trial within the six-month statutory limitation unless the period between the Second Department's decision in *Kozlow* and this Court's reversal in that case is deemed an "exceptional circumstance."

We have observed that "[t]here is no precise definition of what constitutes an exceptional circumstance under CPL 30.30 (4) (g)," since it is impossible to "anticipate every situation that might warrant tolling of the speedy trial time period" (*People v Smietana*, 98 NY2d 336, 341 [2002]). It is clear, however, that the range of the term's application is limited by the dominant legislative intent informing CPL 30.30, namely, to discourage prosecutorial inaction (*see People v Sinistaj*, 67 NY2d 236, 239 [1986]; *People v Worley*, 66 NY2d 523, 527 [1985]). Mindful of this principal underlying purpose, we have allowed application of the exclusion only when the People for practical reasons beyond their control cannot proceed with a legally viable prosecution (*see e.g. People v Washington*, 43 NY2d 772 [1977]; *People v Zirpola*, 57 NY2d 706, 708 [1982]). Moreover, we note that, although not required, the statute's text contemplates that the prosecutor will seek a continuance from the court where the circumstances make it impossible to proceed. The Legislature thus envisioned an approach by which the prosecutor could secure a prior judicial ruling as to exceptional circumstances rather than ask a court to apply the exclusion after the fact. This would ensure that the defendant is kept abreast of the status of his case and the charges pending against him.

Here, as the People concede, after the Appellate Division's decision in *Kozlow*, there could have been no legal basis to proceed further against defendant. The criminal complaint could have

been withdrawn at that juncture. Subsequently, after this Court's reversal in *Kozlow*, when the prosecution again became legally viable, the People could have attempted to recommence the prosecution.\*

Although the circumstances presented here are unusual, they are not exceptional within the meaning of CPL 30.30 (4) (g). What is involved in the final analysis is prosecutorial inaction resulting in the prolonged pendency of a criminal complaint without any judicial intervention and any notification to defendant of the status of the proceeding. This is precisely the sort of conduct the Legislature intended to curb when it enacted CPL 30.30.

Application of the exclusion under these circumstances would permit a scenario in which a criminal complaint could pend for an open-ended and potentially lengthy period on the mere prospect that a change in the law might render it again viable. As we stated in *People v Cortes* (80 NY2d 201 [1992]), "[l]egal rulings are routine events in criminal trials. The fact that a particular ruling may be erroneous does not by itself transform that ruling into an 'exceptional circumstance' " (*id.* at 211-212). Although *Cortes* is factually distinguishable from this case because the People could have resubmitted the case to the grand jury or appealed the order dismissing the indictment, the language of that decision is nonetheless persuasive in this context (*see Smietana*, 98 NY2d at 343 [Kaye, Ch. J., dissenting] [stating that the above-quoted language from *Cortes* "should be given (its) plain meaning"]).

To be sure, the People here were not in control of the ultimate circumstance that prevented them from being able to proceed to trial—the erroneous Appellate Division decision in *Kozlow*. They did, however, have control over defendant's criminal complaint and, despite binding case law indicating that there was no legal basis to proceed against defendant for commission of the offense

---

\* The People contend that this course of action was impossible based on our decision in *People v Osgood* (52 NY2d 37 [1980]). In *Osgood*, the felony complaint was dismissed for failure to prosecute, but the prosecutor later obtained an indictment for the same offenses charged in the felony complaint. We held that the commencement for speedy trial purposes related back to the filing of the original complaint, even though it had been dismissed. If that rule applied in this case, a subsequent indictment would have been untimely. However, the facts of *Osgood* are distinguishable, and the prosecutor here could have argued that it should not apply to these facts. That issue could then have been litigated through the appellate process. We have no occasion to address the issue here, however, where it is not properly presented.

charged, allowed the charge to stand. The People complain that, if we do not find exceptional circumstances in this case, defendant, and others similarly situated, will enjoy immunity from prosecution based on an erroneous Appellate Division decision. While the result of our holding may in that respect be unfortunate, we have previously acknowledged that, in the context of speedy trial cases, our decisions often "transcend[ ] the issue of . . . a particular defendant's guilt or the disposition of a particular case" (*People v Prosser*, 309 NY 353, 361 [1955] [internal quotation marks and brackets omitted]).

Accordingly, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.