■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADAM SEAMANS, Respondent. [925 NYS2d 266]—

Peters, J. Appeal from an order of the County Court of Cortland County (Ames, J.), entered July 22, 2010, which granted defendant's motion to dismiss the indictment.

On April 21, 2009, defendant was arraigned on felony complaints charging him with various crimes stemming from a fire in the Town of Homer, Cortland County. The People later presented those charges to a grand jury which resulted in an indictment charging defendant and his codefendant, Andrew J. Hernandez, with burglary in the second degree and arson in the

third degree, among other things.* Defendant was arraigned on the indictment on December 17, 2009, at which time the People declared their readiness for trial. Defendant thereafter moved to dismiss the indictment on speedy trial grounds. County Court granted the motion after a hearing, finding that the People ran afoul of their statutory speedy trial obligation by one day. The People appeal.

The People must be ready for trial within six months of the commencement of a criminal action charging a felony (*see* CPL 30.30 [1] [a]; *People v Cortes*, 80 NY2d 201, 208 [1992]; *People v Nelson*, 68 AD3d 1252, 1253 [2009]). Here, the statutory speedy trial period ran from April 21, 2009—the date of the filing of the first accusatory instrument—to October 21, 2009. Because "the day which begins the running of the 'speedy trial clock' is excluded from the reckoning of days" in computing the six-month period (*People v Stirrup*, 91 NY2d 434, 437 n 2 [1998], quoting *People v Stiles*, 70 NY2d 765, 767 [1987]; *see People v Chavis*, 91 NY2d 500, 504 n 3 [1998]; *People v DiMeglio*, 294 AD2d 239, 240 [2002]), the People had 183 days to declare their readiness for trial. The parties agree that defendant did not have counsel until April 28, 2009 and that, on that date, counsel requested an adjournment until June 16, 2009, thus rendering 56 days chargeable to defendant (*see* CPL 30.30 [4] [b], [f]). This excludable time period reduces the total days chargeable to the People to 184. Therefore, it was incumbent upon the People to prove their entitlement to exclude any prereadiness delays from the calculation (*see People v Cortes*, 80 NY2d at 215-216; *People v Robinson*, 67 AD3d 1042, 1044 [2009], *lv denied* 13 NY3d 910 [2009]; *People v Stewart*, 57 AD3d 1312, 1314 [2008], *lv denied* 12 NY3d 788 [2009], *cert denied* 558 US —, 130 S Ct 1047 [2010]).

The People's sole contention in this regard is that the period of time during which they engaged in plea negotiations with Hernandez is excludable from the speedy trial calculation pursuant to the "exceptional circumstances" provision of CPL 30.30 (4) (g). On September 28, 2009, the People made a plea offer to Hernandez in connection with his involvement in the arson and burglary. The offer was conditioned upon, among other things, Hernandez "giving truthful testimony at every step of the criminal case" against defendant, including before the grand jury. The People received a signed plea agreement from Hernandez on October 6, 2009, but he was ultimately unable to provide an allocution to the arson charge to the satisfaction of the People. As a result, he was thereafter indicted, along with defendant, on November 12, 2009.

---

* County Court subsequently granted defendant's motion for a severance.

Although "[t]here is no precise definition of what constitutes an exceptional circumstance under CPL 30.30 (4) (g)," the Court of Appeals has ruled that application of this exclusion is permitted "only when the People for practical reasons beyond their control cannot proceed with a legally viable prosecution" (*People v Price*, 14 NY3d 61, 64 [2010] [internal quotation marks and citation omitted]). In other words, "the People may not rely on factors which do not actually prevent them from being ready to proceed to trial to justify a failure to timely announce readi-. ness" (*People v Smietana*, 98 NY2d 336, 341 [2002]). Moreover, "although not required, the statute's text contemplates that the prosecutor will seek a continuance from the court where the circumstances make it impossible to proceed. The Legislature thus envisioned an approach by which the prosecutor could secure a prior judicial ruling as to exceptional circumstances rather than ask a court to apply the exclusion after the fact" (*People v Price*, 14 NY3d at 64).

The circumstances presented here are not exceptional within the meaning of CPL 30.30 (4) (g). The People never sought a continuance while attempting to secure Hernandez's grand jury testimony. Further, Hernandez did not seek to exercise his right to testify before the grand jury pursuant to CPL 190.50—a right which the People would have been required to honor—but rather it was the People who desired Hernandez's grand jury testimony and attempted to secure it through negotiation of a plea agreement (*compare People v Sorce*, 214 AD2d 756, 756 [1995], *lvs denied* 86 NY2d 741, 847 [1995], 88 NY2d 1024 [1996]; *People v Khan*, 172 AD2d 231, 231-232 [1991]; *People v Fluellen*, 160 AD2d 219, 221-222 [1990]). Thus, the People were not prohibited from presenting the case to the grand jury without the testimony of Hernandez, but merely preferred not to do so without it. Nor is there any evidence that the People lacked sufficient evidence to proceed with the indictment of defendant in the absence of Hernandez's testimony; indeed, defendant was indicted without such testimony. Under these circumstances, we agree with County Court that the People failed to establish that they were unable to proceed with the indictment of defendant "for practical reasons beyond their control" (*People v Price*, 14 NY3d at 64). As the People failed to establish their entitlement to exclusion of any further periods of time, the indictment was properly dismissed on speedy trial grounds.

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed.