People v Snell (2018 NY Slip Op 00660)





People v Snell


2018 NY Slip Op 00660


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


53 KA 15-01993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER A. SNELL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 15, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the third degree and criminal trespass in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]) and criminal trespass in the second degree (§ 140.15 [1]). Contrary to defendant's contention, County Court properly denied his motion to dismiss the indictment on speedy trial grounds (see CPL 30.30). On appeal, defendant does not dispute that, prior to April 3, 2014, the District Attorney's Office had no knowledge of the charges against defendant set forth in the accusatory instrument, which was filed on September 11, 2013. "It is axiomatic that the People cannot prepare for a trial of a case they do not know exists" (People v Smietana , 98 NY2d 336, 342 [2002]; see People v LaBounty , 104 AD2d 202, 205 [4th Dept 1984]). Thus, the court properly determined that the time period from the date on which the accusatory instrument was filed until April 3, 2014 should be excluded from the time within which the People must be ready for trial based on the existence of exceptional circumstances within the meaning of CPL 30.30 (4) (g), i.e., the failure of either the police department or the local criminal court to notify the District Attorney's Office of the charges against defendant. Those were circumstances "beyond the control of the District Attorney's [O]ffice . . . that prevented the prosecution from being ready for trial" (LaBounty , 104 AD2d at 204; see Smietana , 98 NY2d at 341; People v Mickewitz , 210 AD2d 1004, 1004 [4th Dept
1994], lv denied 85 NY2d 977 [1995]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court