People v Cowan (2024 NY Slip Op 03059)

People v Cowan

2024 NY Slip Op 03059

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-05297
 (Ind. No. 10018/21)

[*1]The People of the State of New York, appellant,
v
Raymond Cowan, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Danielle M. O'Boyle of counsel), for appellant.
Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated May 2, 2022, which granted the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment insofar as asserted against him on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment insofar as asserted against him on the ground that he was deprived of his statutory right to a speedy trial is denied, the indictment insofar as asserted against the defendant is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment insofar as asserted against the defendant.
On June 30, 2021, the defendant was arraigned on an indictment charging him, along with several codefendants, inter alia, with conspiracy in the second degree and multiple counts of criminal sale of a controlled substance in the first degree. The defendant moved pursuant to CPL 30.30(1)(a) to dismiss the indictment insofar as asserted against him on the ground that he was deprived of his statutory right to a speedy trial. The People opposed the motion, contending, among other things, that the 53-day period from August 20, 2021, to October 12, 2021, was excludable under CPL 30.30(4)(g). In an order dated May 2, 2022, the Supreme Court granted the defendant's motion. The People appeal.
Contrary to the defendant's contention, the arguments raised by the People on this appeal are preserved for appellate review (see id. § 470.05[2]; People v Leonard, 218 AD3d 608, 609; cf. People v Cantoni, 140 AD3d 782, 785).
Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30[1][a]; People v Brown, 28 NY3d 392, 403; People v Sinistaj, 67 NY2d 236; People v Leonard, 218 AD3d at 609; People v Connell, 185 AD3d 1048, 1049). "The failure to declare readiness within the statutory time limit will result in dismissal of the prosecution, unless the People can demonstrate that certain time periods should be excluded" (People v Brown, 28 NY3d at 403 [internal quotation marks omitted]; see People v Price, 14 NY3d 61, 63). Here, the six-month period referable to this [*2]case, measured from June 30, 2021, consisted of 183 days. The Supreme Court determined that 219 days were chargeable to the People.
The People correctly contend that the 53-day period from August 20, 2021, to October 12, 2021, was excludable under the CPL 30.30(4)(g) exceptional circumstances exclusion in view of the voluminous discovery materials involved here and the People's diligent efforts in producing them (see People v Smietana, 98 NY2d 336, 341; People v Anderson, 66 NY2d 529; People v Zirpola, 57 NY2d 706), "notwithstanding the People's mandatory discovery obligations under CPL 245.20" (People v Leonard, 218 AD3d at 610).
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court