■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. TREPASSO, Appellant. [602 NYS2d 291] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to dismiss the indictment, which was based upon the denial of defendant's right to a speedy trial. Defense counsel and the prosecutor had agreed that the prosecutor would delay presentment of the case to the Grand Jury to afford them time to negotiate a plea bargain; in return defendant would waive his right to a speedy trial. Thereafter, defense counsel sent a letter to the prosecutor stating that defendant waived his right to a speedy trial.

We reject defendant's contention that the waiver of defendant's statutory speedy trial right was ineffective because it was not knowingly and voluntarily made. Although a waiver of a defendant's constitutional right to a speedy trial must be " 'knowingly and voluntarily made' " *(People v White,* 32 NY2d 393, 399), the waiver of the statutory right to a speedy trial is subject to no such requirement. Some decisions, deemed fundamental, are reserved to the client; others are within the control of counsel *(People v Ferguson,* 67 NY2d 383, 390). Defendant's right under CPL 30.30 does not involve such a fundamental decision that it cannot be made by counsel *(see, Townsend v Superior Ct.,* 15 Cal 3d 774, 543 P2d 619). "The statute does not address problems involving speedy trial rights or due process in a constitutional sense" *(People v Sinistaj,* 67 NY2d 236, 239).

Considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445), the court properly determined that defendant was not deprived of his constitutional right to a speedy trial.

We have reviewed the other issues raised by defendant and we find them to be without merit. (Appeal from Order of Onondaga County Court, Mulroy, J.—Driving While Ability Impaired.) Present—Callahan, J. P., Balio, Lawton, Boomer and Boehm, JJ.