■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGRIPPA BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HALL, Appellant. [615 NYS2d 16] — Judgments, Supreme Court, New York County (Thomas Galligan, J., on CPL 30.30 motion; Rose Rubin, J., at jury trial and sentence), rendered July 3, 1991, after jury trial, convicting defendant Brown of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 years and 5 to 10 years, respectively, on the first degree and second degree robbery convictions under the first two counts of the indictment, to be served consecutively to concurrent terms of 6 to 12 years and 5 to 10 years, respectively, on the first degree and second degree robbery convictions under the second two counts of the indictment, currently being served, and convicting defendant Hall of robbery in the first degree and robbery in the second degree under the first two counts of the indictment, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years and 5 to 10 years, respectively, currently being served, unanimously reversed, on the law and on the facts, and the indictments dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during

this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The IAS Court erred in failing to dismiss the indictment where defendants' right to a speedy trial was violated. CPL 30.30 provides for dismissal of charges where defendants are accused of a felony and the prosecution is not ready for trial within six months, certain time periods to be excluded.

Two accusatory instruments which were eventually consolidated for trial are at issue here. Defendants were arraigned in Criminal Court on the first instrument on December 2, 1989 and on the second on December 15, 1989. Some 359 days elapsed between the commencement of the first proceeding and November 26, 1990, the date when the People unequivocally answered ready for trial, 346 days between commencement of the second proceeding and the People's answering ready. Of those days, we find 266 days to be includible time for CPL 30.30 purposes under the first instrument, and 256 days under the second instrument. In each case, the includible time far exceeds the 182 days within which the People had to answer ready for trial.

On the first instrument, we find several adjournment periods to be chargeable to the People in addition to the 129 days which they concede. The 20 day period, December 28, 1989 to January 18, 1990, between the filing of the indictment and arraignment, including one day for court scheduling purposes, is chargeable to the People (see, People v Cortes, 80 NY2d 201, 213; People v Brothers, 50 NY2d 413).

The 67 day period for purposes of plea negotiations, March 29, 1990 to June 4, 1990, including time "incident to the conclusion of plea negotiations", is chargeable to the People. Nothing in the record reflects that defense counsel either expressly requested or consented to these adjournments (People v Liotta, 79 NY2d 841), and it is the burden of the People to clarify, on the record, the basis for such adjournments (People v Smith, 82 NY2d 676). The IAS Court in ruling on these adjournments erroneously relied on cases such as People v Cranmer (55 AD2d 786), People v Rushlow (94 AD2d 933) and People v Fenti (136 AD2d 944), where defendant had either requested or consented to the adjournments, and the Courts had based their decisions on CPL 30.30 (4) (b), which excludes adjournments requested or consented to by defendant.

Furthermore, the defense urges, without contradiction, that

time "incident to the conclusion of plea negotiations" is nothing more than the prosecution's euphemism for time to prepare for trial should plea negotiations break down, which should be chargeable to the People. We agree. As the Court of Appeals states in *People v Correa* (77 NY2d 930, 931): "[t]hat [a] defendant might plead guilty then or at any other time before trial does not excuse the prosecutor from taking the necessary steps to be ready for trial within the prescribed period".

The 17 day period, June 11-28, 1990, is chargeable to the People. Although the People only requested adjournment for the 7 days prior to this period, the additional days, necessary to accommodate the schedules of the parties, are not excludable *(see, People v Smith, supra).*

The 7 day period, June 28 to July 5, 1990, for the purpose of additional plea negotiations is chargeable to the People, as discussed *supra.*

The 7 day period, July 9-16, 1990, is chargeable to the People. As discussed above, even though the People only requested adjournment for the 4 days prior to this period, the additional days necessary to accommodate the schedules of the parties are not excludable. The same is true of the 2 day period from September 24-26, 1990, which followed the People's request for a 4 day adjournment, and the 17 day period from November 9-26, 1990, which followed the People's request for an 8 day adjournment. The People finally answered ready for trial on November 26, 1990.

On the second accusatory instrument, we also find several adjournment periods to be chargeable to the People in addition to the 119 days which they concede. Since the two indictments appeared on the court calendar together as of January 18, 1990, the additional periods of chargeable time after that date, 117 days as outlined *supra,* apply to this indictment as well. Also, the period December 29, 1989 to January 18, 1990, 20 days, is chargeable to the People. The first 5 days of this period was time between the filing of the indictment and the arraignment, which, as stated above, is chargeable to the People under *People v Cortes (supra).* The final 15 days, time between arraignment and the first court date, fall under the rule of *People v Liotta (supra),* which disallows the exclusion of time without the express consent or request of the defense.

It is unnecessary to reach the other issues raised by defendant on this appeal, since the CPL 30.30 issue requires rever-

sal and dismissal of the indictment. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.