■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN SMITH, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENJAMIN BURDICK, Respondent. [622 NYS2d 19] —Order, Supreme Court, Bronx County (Vincent Vitale, J.), entered December 22, 1993, which dismissed the

indictment returned against defendants Burdick and Smith pursuant to CPL 30.30, unanimously affirmed.

The hearing court properly dismissed the indictment on speedy trial grounds since 256 days were properly charged to the People. The People conceded that 125 days were includable. Of the five periods of delay contested by the People, three of these delays, January 27 to February 17, 1993 (21 days), March 10 to April 26, 1993 (47 days), and a total of 30 days between May 26 and July 9, 1993, were properly charged to the People upon the ground that the prosecutor was not actually ready for trial despite representations to the contrary *(see, People v Robinson,* 171 AD2d 475, 477, *lv denied* 78 NY2d 973). Furthermore, the 14-day delay between August 7, 1992, when an indictment was presented to a second Grand Jury, and August 21, 1992, when the indictment was voted, was properly charged to the People since neither defendant requested an opportunity to testify before the Grand Jury. In addition, the court erred in excluding the 14-day adjournment between September 2 and September 16, 1992, since the People failed to meet their burden of proving that defendants consented to this adjournment (CPL 30.30 [4] [b]). Finally, since the People requested a two-week adjournment on June 30, 1993, they were properly charged with an additional five days between July 9, 1993, when they filed a notice of readiness, and August 13, 1993, when defendants' speedy trial motion was filed. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.