■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN SUPPE, Appellant. [637 NYS2d 850] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: On appeal from a judgment convicting him of robbery, assault, and grand larceny, defendant contends that County Court should have granted his motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial. We agree.

The court concluded that a lengthy period of preindictment

delay was excludable on the ground that defendant requested or consented to the delay in connection with ongoing plea negotiations. CPL 30.30 (4) provides, "In computing the time within which the people must be ready for trial * * * the following periods must be excluded * * * (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel." The statute does not exclude generic periods of delay requested or consented to by defendant or his counsel, but is limited to those periods of delay resulting from a continuance or adjournment of court proceedings granted by the court at the request of defendant or with his consent *(see, People v Sterling,* 176 AD2d 1119, 1120). Here, there was no continuance or adjournment of court proceedings, with or without the consent of defendant or at his request, and hence no period of exclusion pursuant to CPL 30.30 (4) (b). There was merely a delay in the People's presentment of the case to the Grand Jury following Town Court's order that defendant be held for action of the Grand Jury. Defendant did not participate in setting the Grand Jury or court dates *(cf., People v Fuller,* 216 AD2d 695). In any event, as a general rule, the time " 'incident to the conclusion of plea negotiations' " is chargeable to the People *(People v Brown,* 206 AD2d 326, 327, *lv denied* 84 NY2d 933; *see, People v Correa,* 77 NY2d 930, 931).

Consent "must be clearly expressed by the defendant or defense counsel to relieve the People of responsibility for" a delay *(People v Liotta,* 79 NY2d 841, 843; *see, People v Smith,* 82 NY2d 676, 678). Here, neither the January 28 letter nor anything else in the record sets forth defendant's request for or consent to a delay in presenting the case to the Grand Jury *(see, People v Smith,* 211 AD2d 586, *lv denied* 85 NY2d 943; *People v Brown, supra,* at 327).

Because the People bear the burden of establishing a record demonstrating the basis for any claim of excludable time *(see, People v Collins,* 82 NY2d 177, 181-182; *People v Goss,* 214 AD2d 1007, *lv granted* 86 NY2d 744), and because the record does not support their assertion that defendant explicitly requested or consented to an adjournment for the purpose of plea negotiations, the entire period of preindictment delay is chargeable to the People, thus rendering their declaration of readiness untimely *(see, People v Brown, supra,* at 327-328; *cf., People v Liotta, supra,* at 843). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.