■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRY F. COXON, Respondent. [662 NYS2d 659] —Order unanimously affirmed. Memorandum: The People appeal from an order dismissing the indictment for failure to comply with the statutory time limit for trial readiness (*see,* CPL 30.30 [1] [a]). The People contend that any preindictment delay between September 14, 1995 and April 11, 1996 is not chargeable to them under CPL 30.30 (4). Contrary to the contention of the People, defendant did not consent to the adjournment on September 14, 1995. On that date, defense counsel requested a one-month adjournment in order to complete a mental health evaluation and determine whether to accept the plea offer. Although defense counsel acknowledged that such time would be chargeable to defendant if County Court granted his request for an adjournment, the court did not grant that request. Instead, the court stated that it would grant a 30-day adjournment for a mental health evaluation only on condition that defendant waive presentment before the Grand Jury and, in the event he was not willing to do so, the court directed the Assistant District Attorney to submit the matter to a Grand Jury.

Defendant was unwilling to waive that right, and the court adjourned the matter without setting another appearance date. The statement of defense counsel that he would nevertheless proceed with a mental health evaluation on behalf of his client did not constitute consent to the court's adjournment, which, as the court made clear, was not "a consent or imprimatur on any further adjournments * * * If the district attorney doesn't want to present it, he doesn't have to present it." Thus, the court's decision regarding an adjournment was made without the request or consent of defendant. "[C]onsent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" (*People v Liotta*, 79 NY2d 841, 843; *see, People v Smith*, 82 NY2d 676, 678), and such consent was not expressed here.

We reject the People's contention that the period between September 14, 1995 and April 11, 1996, the date when the matter was finally scheduled for presentment to the Grand Jury, is excludable as incident to the conclusion of plea negotiations. "[A]s a general rule, the time ' "incident to the conclusion of plea negotiations" ' is chargeable to the People" (*People v Suppe*, 224 AD2d 970, quoting *People v Brown*, 206 AD2d 326, 327, *lv denied* 84 NY2d 933; *see, People v Correa*, 77 NY2d 930, 931). The People failed to meet their burden of establishing that such time was excludable (*see, People v Collins*, 82 NY2d 177, 181-182; *People v Cortes*, 80 NY2d 201, 215-216).

Under the circumstances, the court properly found that the period between September 14, 1995 and April 11, 1996, a total of 208 days, is chargeable to the People. That period together with the 130-day period that the People concede is chargeable to them totals 338 days, well over the statutory time limit for trial readiness. (Appeal from Order of Genesee County Court, Griffith, J.—Dismiss Indictment.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.