(December 11, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. SOLURI, Appellant. [752 NYS2d 190] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered August 6, 2001, convicting defendant after a jury trial of, inter alia, criminal possession of a forged instrument in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion is granted, the indictment is dismissed and the matter is remitted to Jefferson County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a forged instrument in the second degree (two counts) (Penal Law § 170.25), grand larceny in the third degree (§ 155.35), criminal possession of stolen property in the third degree (§ 165.50), grand larceny in the fourth degree (§ 155.30 [1]), and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). Defendant contends that County Court erred in denying

his motion to dismiss the indictment because he was denied his statutory right to a speedy trial pursuant to CPL 30.30. We agree.

The criminal action was commenced by the filing of a felony complaint on May 31, 2000, and it is undisputed that the People did not announce their readiness for trial until defendant's arraignment on December 18, 2000, 201 days later. In denying defendant's motion, the court agreed with the People that the 64-day period from June 27, 2000 to August 29, 2000 was not chargeable to them under CPL 30.30 (4) (b) because defendant had consented to the adjournment. That was error. CPL 30.30 (4) (b) provides in relevant part that, "[i]n computing the time within which the people must be ready for trial * * *, the following periods must be excluded: * * * the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel." "[C]onsent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay" (*People v Liotta*, 79 NY2d 841, 843; *see People v Smith*, 82 NY2d 676, 678). Here, the People failed to meet their burden of making a record of such consent by defendant or defense counsel to the adjournment from June 27 to August 29, 2000 (*see People v Cortes*, 80 NY2d 201, 215-216). In determining that the period at issue was not chargeable to the People, the court stated that defendant had "indicated a possible interest in cooperating with the Metro Jeff Task Force" and had indicated that he "might be willing" to speak with members of the task force. "[A]s a general rule, the time incident to the conclusion of plea negotiations is chargeable to the People" (*People v Coxon*, 242 AD2d 962, 963 [internal quotation marks omitted]; *see People v Correa*, 77 NY2d 930, 931) and, in the absence of a record of the requisite consent to the adjournment by defendant or defense counsel, we conclude that the 64-day period is chargeable to the People. Thus, 201 days are chargeable to the People, which is well over the statutory maximum, and the court erred in denying defendant's motion to dismiss the indictment. In light of our determination, we need not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.