THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW WALDRON, Appellant. [787 NYS2d 547]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered August 30, 2001. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (three counts), promoting an obscene sexual performance by a child, use of a child in a sexual performance and possessing an obscene sexual performance by a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified as a matter of discretion in the interest of justice by directing that the determinate terms of

incarceration of 17 years imposed on the second and third counts of the indictment, respectively, shall run consecutively to one another, but that all of the other terms imposed shall run concurrently with those terms and with one another and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of sodomy in the first degree (three counts) (Penal Law former § 130.50 [3]), use of a child in a sexual performance (§ 263.05), promoting an obscene sexual performance by a child (§ 263.10), and possessing an obscene sexual performance by a child (§ 263.11). Defendant was sentenced to various determinate and indeterminate terms of incarceration, most of which were ordered to run consecutively to one another, aggregating 54 to 60 years.

Defendant was not denied his statutory right to a speedy trial (*see generally* CPL 30.30) as a result of preindictment delay. The record establishes that, between July 11 and November 30, 2000, defendant's former counsel repeatedly and explicitly requested that the prosecution postpone the presentation of defendant's case to the grand jury, and further repeatedly and expressly waived defendant's speedy trial rights, all for the purpose of pursuing a favorable plea bargain for defendant (*see People v Chevalier*, 226 AD2d 925, 928 [1996], *lv denied* 88 NY2d 934 [1996]; *People v Trepasso*, 197 AD2d 891 [1993], *lv denied* 82 NY2d 854 [1993]; *People v Hudson*, 167 AD2d 950 [1990], *lv denied* 77 NY2d 878 [1991]; *People v Sharpe*, 115 AD2d 996, 996-997 [1985], *lv denied* 67 NY2d 889 [1986]). Exclusion of that 142-day period, coupled with other periods totaling 24 days that defendant concedes must be excluded, renders timely the People's declaration of readiness (*see Chevalier*, 226 AD2d at 928; *Trepasso*, 197 AD2d at 891; *Hudson*, 167 AD2d at 950). Former defense counsel had authority to bind defendant with regard to a waiver of his rights under CPL 30.30 (*see Trepasso*, 197 AD2d at 891; *see also People v Jenkins*, 302 AD2d 978 [2003], *lv denied* 100 NY2d 562 [2003]). Further, the record establishes that, following discussions with counsel, defendant himself consented to the prosecution's delay in presenting the case to the grand jury and counsel's waiver of defendant's right to a speedy trial.

The dissent incorrectly focuses on the excludability, pursuant to CPL 30.30 (4) (b), of specific periods of "delay resulting from a continuance granted by [County Court] at the request of, or with the consent of, the defendant or his counsel" (*see generally People v Smith*, 82 NY2d 676, 678 [1993]; *People v Liotta*, 79 NY2d 841, 843 [1992]; *People v Soluri*, 300 AD2d 988, 989

[2002], *lv denied* 100 NY2d 543 [2003]; *People v Suppe*, 224 AD2d 970, 971 [1996]). Here, for as long as the defense was explicitly seeking a postponement of the grand jury proceeding, and for as long as the prosecution was acceding to that request, there was no court proceeding and no "continuance." Thus, the People cannot—and do not—rely on section 30.30 (4) (b). Consequently, those cases holding that it is the People's burden to make a record "demonstrating the basis for any claim of excludable time" under section 30.30 (4) (b) are inapposite here (*Suppe*, 224 AD2d at 971; *cf. Smith*, 82 NY2d at 678; *People v Cortes*, 80 NY2d 201, 215-216 [1992]; *Soluri*, 300 AD2d at 989; *People v Coxon*, 242 AD2d 962, 963 [1997]).

For similar reasons, we conclude that defendant waived his constitutional right to a speedy trial as well (*see People v Rodriguez*, 50 NY2d 553 [1980]; *People v Smith*, 272 AD2d 679, 681 [2000], *lv denied* 95 NY2d 938 [2000]; *Trepasso*, 197 AD2d at 891; *cf. People v White*, 32 NY2d 393, 399 [1973]). We conclude, in any event, that defendant was not deprived of his constitutional right to a speedy trial under the circumstances of this case (*see People v Taranovich*, 37 NY2d 442, 445-447 [1975]).

Nor was defendant denied his right to effective assistance of counsel as a result of trial counsel's failure to object to the assertedly deficient opening statement of the prosecutor. Rather, the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Additionally, defendant was not deprived of a fair trial by prosecutorial misconduct on summation (*see People v Peckham*, 8 AD3d 1121 [2004], *lv denied* 3 NY3d 679 [2004]; *People v West*, 4 AD3d 791, 792 [2004]).

However, the sentence imposed is unduly harsh or severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by directing that the determinate terms of 17 years imposed on the second and third counts of the indictment, respectively, shall run consecutively to one another, but that all of the other terms imposed by the court shall run concurrently with those terms and with one another.

All concur except Green, J.P., and Hayes, J., who dissent and vote to reverse in accordance with the following memorandum.

Green, J.P., and Hayes, J. (dissenting). We respectfully dissent. In our view, County Court erred in denying defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a). It is undisputed that this action was commenced on January 23, 2000 with the filing of the felony complaint (*see People v Lomax*,

50 NY2d 351, 356 [1980]), and that the People did not announce readiness on the record until defendant's arraignment on December 20, 2000, 332 days later. Because defendant met his initial burden on the motion by alleging that the People failed to announce readiness within the statutorily required period (*see* CPL 30.30 [1] [a]), in this case 182 days, the People bore the burden of establishing that certain periods of delay are excludable pursuant to CPL 30.30 (4) (*see People v Berkowitz*, 50 NY2d 333, 349 [1980]). Apart from a delay of 24 days resulting from the competency determination, which defendant concedes was properly excluded pursuant to CPL 30.30 (4) (a) (*see People v Kearney*, 215 AD2d 693, 694 [1995]), the People failed to establish that any of the remaining preindictment delay comes within any of the statutory exclusions. In its decision, the court cited CPL 30.30 (4) (b), which excludes "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel." The People, however, may not rely upon that exclusion. "The statute does not exclude generic periods of delay requested or consented to by defendant or his counsel, but is limited to those periods of delay resulting from a continuance or adjournment of court proceedings granted by the court at the request of defendant or with his consent" (*People v Suppe*, 224 AD2d 970, 971 [1996]). Thus, even if defense counsel requested that the prosecutor delay presentment to the grand jury while plea negotiations continued, "there was no continuance or adjournment of court proceedings, with or without the consent of defendant or at his request, and hence no period of exclusion pursuant to CPL 30.30 (4) (b)" (*id.*).

Contrary to the majority's conclusion, moreover, the People did not establish that defense counsel effectively waived defendant's speedy trial rights. "[T]he People bear the burden of establishing a record demonstrating the basis for any claim of excludable time" (*id.*; *see People v Smith*, 82 NY2d 676, 678 [1993]; *People v Soluri*, 300 AD2d 988, 989 [2002], *lv denied* 100 NY2d 543 [2003]; *People v Brown*, 206 AD2d 326, 327 [1994], *lv denied* 84 NY2d 933 [1994]). Here, "no contemporaneous record was made of the reason for" any of the delay between the conclusion of the competency determination and the announcement of readiness (*People v Cortes*, 80 NY2d 201, 215 [1992]). Neither defense counsel nor defendant consented to any delay or waived defendant's speedy trial rights on the court record. It is the People's burden to ensure that such a contemporaneous court record is made, and absent such a record, the delay is chargeable to the People and the purported waiver of defendant's speedy trial rights is ineffective (*see generally Smith*, 82 NY2d

at 678; *Soluri*, 300 AD2d at 989). Defense counsel's letter of July 11, 2000, requesting a delay in the grand jury presentment to permit further plea negotiations was never made a part of the court record and therefore does not support the exclusion of any period from the People's readiness time (*see generally Cortes*, 80 NY2d at 215-216). Further, the delay requested by defense counsel is limited to the 66-day period from July 11, 2000 until September 15, 2000. The remainder of the period incident to the plea negotiations is chargeable to the People (*see Soluri*, 300 AD2d at 989; *People v Coxon*, 242 AD2d 962, 963 [1997]; *Suppe*, 224 AD2d at 971; *Brown*, 206 AD2d at 327). At best, therefore, the People established 90 days of excludable time, leaving 242 days chargeable to them. Because that period exceeds the statutory maximum, we would grant defendant's motion, dismiss the indictment and remit the matter for proceedings pursuant to CPL 470.45. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.