*481 OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant moves to dismiss this action alleging that more than 90 days have elapsed since defendant was arraigned and the People are not ready for trial. Defendant was charged with assault in the third degree (Penal Law § 120.00), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]).
Defendant was arraigned on February 13, 2007, and the matter was adjourned to March 13, 2007 for conversion of the complaint to a misdemeanor information. On March 13, 2007, the People provided a corroborating affidavit of the complaining witness in the standard format used by the People which, in type, states that the affiant has read the accusatory instrument and asserts that the facts contained therein are true to the affiant’s personal knowledge. The corroborating affidavit is signed and dated by the complaining witness.
In the instant case, when the corroborating affidavit was produced in court, the defense counsel pointed out that the docket number appearing on the affidavit was neither typed nor handwritten in the hand of the complaining witness who signed and dated the document. The assistant district attorney admitted that the docket number was affixed after the complaining witness signed the affidavit, and so the matter was adjourned for full conversion so that this defect in the affidavit could be corrected. Without the correct docket number appearing on the corroborating affidavit at the time it is signed by the complaining witness, the complaint would not convert because there might be other open cases involving defendant. Under such circumstances, i.e., multiple dockets, it would be unclear which docket was being corroborated. It is also noted that no evidence was submitted that indicated that this is, in fact, the only open criminal proceeding involving defendant.
Despite several adjourn dates, the People were not able to provide a substantiating affidavit until the 91st day after arraignment. The substantiation took the form of a one-page affirmation of the assistant district attorney assigned to the case, which both sides agree would act to convert the complaint to an information. Defendant filed this instant motion to dismiss the action because the complaint was not converted until after the time prescribed by CPL 30.30. CPL 30.30 states, in pertinent part, that a criminal action must be dismissed:
*482 “where the people are not ready for trial. . .
“(2) (a) ninety days from the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.”
The People declined to file a written response to defendant’s motion but orally argued in open court that the defect in the corroborating affidavit was a latent defect cured by the attorney affirmation and therefore should relate hack to the filing of the original corroborating affidavit. In support of this position the People rely solely on People v Camacho (185 Misc 2d 31 [Crim Ct, Kings County 2000]). As discussed below, the Camacho case involves filing a certificate of translation for a corroborating affidavit signed by a non-Enghsh-speaking complaining witness. This is the only judicial decision presented by either side on this issue, and the court could not find any decision dealing with the effect of a docket number being placed on a corroborating affidavit after it had been signed by a complaining witness. Consequently, this appears to be a case of first impression on this discrete point.
As stated, the Camacho case concerned a corroborating affidavit signed by a complaining witness who allegedly did not read or understand the English language. When the affidavit was presented to the defendant, the defendant questioned the affidavit because he did not believe the complaining witness could comprehend English and no certificate of translation was offered. However, this question was merely a supposition by the defendant, and the case proceeded to discovery, after which a certificate of translation was provided. The defendant moved to dismiss pursuant to CPL 30.30, but the court denied the motion.
In denying the defendant’s motion in Camacho, the court distinguished between latent defects and facial defects. The court stated that a motion to dismiss for a latent defect could not be sustained because the instrument is sufficient on its face to support the charges. This contrasts with instruments which are facially deficient because the document is obviously inadequate. The court further found that when the certificate of translation was provided, only 73 days were chargeable to the People because of the defendant’s request for discovery as well as adjournments that were granted on mutual consent.
*483 The Camacho case is distinguishable from the case at bar in two important respects: one, the defect in the instant matter is a facial defect, the docket number obviously neither printed on the form nor written by the complaining witness and, two, the affidavit needed to convert the instrument was not provided until the 91st day, after the 30.30 time period had run. The court documents indicate that all the adjournments were for the purpose of conversion, and so all of the time is chargeable to the People.
However, even though the necessary affidavit was not served until the 91st day after arraignment, if there were a reasonable excuse for the delay, the time resulting for that delay would not be charged to the People. CPL 30.30 (4) indicates the reasons for which delays are not chargeable to the People. Subdivision (4) (g), the only one that might be applicable in this case, states:
“other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstance of the case.”
If the People were able to demonstrate exceptional circumstances, such as the unavailability of evidence or witnesses, the time occasioned by such delay would not be charged to them. However, in the case at bar, the affidavit necessary to convert the information is a one-page affirmation by the assistant district attorney assigned to the case. No reason has been posited to indicate why it took the attorney 63 days to write this affirmation. Therefore, the court finds that there is no reasonable excuse for the delay in serving the affirmation.
Based on the foregoing, the court grants defendant’s motion to dismiss pursuant to CPL 30.30.
This action is dismissed and sealed.