■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERSON BONILLA, Appellant. [942 NYS2d 509]—

Judgment, Supreme Court, Bronx County (Robert Torres, J., at first speedy trial motion; Raymond L. Bruce, J., at second speedy trial motion; Robert A. Neary, J., at nonjury trial and sentencing), rendered June 24, 2010, convicting defendant of attempted assault in the third degree and harassment in the second degree, and sentencing him to an aggregate term of one year of probation, unanimously reversed, on the law, and the accusatory instrument is dismissed.

Defendant's second speedy trial motion should have been granted. The People failed to be ready for trial within the 90-day limit for the prosecution of a class A misdemeanor.

The charges were reduced to a misdemeanor on September 10, 2008, at which time the People first answered ready. This initial statement of readiness proved to be illusory. When viewed in light of the surrounding circumstances, the People's October 24, 2008 and January 20, 2009 requests for adjournments, asserting a need for further investigation, effectively conceded that the prior statement of readiness was inaccurate. While a statement of readiness "is presumed to be accurate and truthful," (*People v Acosta*, 249 AD2d 161, 161 [1998], *lv denied* 92 NY2d 892 [1998]), the record rebuts that presumption. Likewise, the record does not support an inference that the People made an initial strategic decision to proceed, if necessary, with a minimal prima facie case (*compare People v Wright,* 50 AD3d 429 [2008], *lv denied* 10 NY3d 966 [2008]), but later determined to present additional evidence.

When the People file a statement of readiness, they must be presently ready to proceed; a prediction or expectation of future readiness is not acceptable (*see People v Kendzia,* 64 NY2d 331, 337 [1985]). We accordingly conclude, after deducting a period from October 24, 2008 to January 20, 2009 that was excludable for motion practice, that the People should have been charged 44 days (*see People v Smith,* 211 AD2d 586 [1995], *lv denied* 85 NY2d 943 [1995]).

Next, the 16 days from January 20 to February 5, 2009 should have been charged to the People. The People answered not ready on January 20, and, after the matter was adjourned, they filed an off-calendar statement of readiness the next day. However, they did not mail the notice to defense counsel until February 4,

and it arrived the next day. For an off-calendar statement of readiness to be effective, the People must provide written notice to both the court and defense counsel (*see People v Kendzia*, 64 NY2d at 337).

The People concede that the four days between October 16 and 20, 2009 and the seven days between February 9 and 16, 2010 should be charged to them. The People also requested a one-week adjournment on January 5, 2010, which should be charged to them.

Finally, the People did not respond to defendant's second speedy trial motion until April 8, 2010 although the court had ordered them to do so by March 11, 2010. Thus, the People are charged with the 28-day delay in resolving the motion (*see People v Reid*, 245 AD2d 44 [1997], *lv denied* 91 NY2d 1012 [1998]).

The total time for which the People should have been charged well exceeded the 90-day limit. In light of the foregoing, we do not reach defendant's remaining speedy trial arguments, or his claims regarding the sufficiency and weight of the evidence. Concur—Tom, J.P., Friedman, Catterson, Acosta and Freedman, JJ.