SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

579
KA 14-00118
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

CHRISTOPHER M. AMRHEIN, DEFENDANT-APPELLANT.

---

MARCEL J. LAJOY, ALBANY, FOR DEFENDANT-APPELLANT.

ERIC R. SCHIENER, SPECIAL PROSECUTOR, GENESEO, FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Terrence M. Parker, J.), rendered November 12, 2013. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted, and the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the second degree (Penal Law § 215.50 [3]). He was acquitted of all other charges, some of which were felonies. Defendant contends on appeal that he was denied his statutory right to a speedy trial and that County Court therefore erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. We agree.

"A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets his or her initial burden on the motion simply 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' " (*People v Goode*, 87 NY2d 1045, 1047; *see People v Santos*, 68 NY2d 859, 861). Here, defendant met his initial burden. The criminal action was commenced by the filing of a felony complaint on July 8, 2011 (*see* CPL 1.20 [17]), and it is undisputed that the People did not announce their readiness for trial until defendant was arraigned on April 12, 2012. Excluding July 8, 2011 (*see* General Construction Law § 20; *People v Stiles*, 70 NY2d 765, 767), that period amounts to 278 days. By establishing that the People failed to announce their readiness within six months after July 8, 2011, which in this case totaled a period of 184 days (*see* CPL 30.30 [1] [a]), defendant met his initial burden on the motion (*see People v Beasley*, 16 NY3d 289, 292; *People v Wearen*, 98 AD3d 535, 537, *lv denied* 19 NY3d 1106; *cf. People v Welch*, 2 AD3d 1354, 1357-1358, *lv denied* 2 NY3d 747). "The burden then shift[ed] to the People to

establish that a period should be excluded in computing the time within which they were required to be prepared for trial" (*People v Sibblies*, 22 NY3d 1174, 1177; *see People v Sweet*, 79 AD3d 1772, 1772). We agree with defendant that the People failed to meet their burden of establishing sufficient excludable time.

Although the People established 66 days of excludable time for the "period during which the defendant [was] without counsel through no fault of the court" (CPL 30.30 [4] [f]), that amount of excludable time is insufficient to bring the People within the statutory deadline of 184 days. We reject the contention of the People that the period of time during which the local criminal court failed to transmit the order, felony complaint and other documents pursuant to CPL 180.30 (1) to County Court is excludable time under the exceptional circumstances exception (*see* CPL 30.30 [4] [g]). "[A]nalysis of cases where 'exceptional circumstances' have been found reveals two common factors: (1) that the delay was due to circumstances beyond the control of the District Attorney's office; and (2) that it prevented the prosecution from being ready for trial" (*People v LaBounty*, 104 AD2d 202, 204). Here, the failure of the local criminal court to transmit the divestiture documents did not prevent the prosecutor from presenting the case to a grand jury or being ready for trial (*see People v Talham*, 41 AD2d 354, 355-356; *cf. People v Mickewitz*, 210 AD2d 1004, 1004-1005, *lv denied* 85 NY2d 977; *LaBounty*, 104 AD2d at 204-205). "The [g]rand [j]ury derives its power from the Constitution and acts of the Legislature, and this power may not be interfered with or infringed upon or in any way curtailed, absent a clear constitutional or legislative expression" (*Talham*, 41 AD2d at 355).

We further conclude that the People cannot rely on any alleged consent of defendant to the delay inasmuch as "[c]onsent 'must be clearly expressed by the defendant or defense counsel to relieve the People of responsibility for' a delay" (*People v Suppe*, 224 AD2d 970, 971, quoting *People v Liotta*, 79 NY2d 841, 843). Here, as in *Suppe*, the lengthy period of preindictment delay cannot be deemed excludable time "on the ground that defendant requested or consented to the delay in connection with ongoing plea negotiations" (*id.*). Rather, the record establishes that "there was no continuance or adjournment of court proceedings, with or without the consent of defendant or at his request, and hence no period of exclusion pursuant to CPL 30.30 (4) (b)" (*id.*). Thus, over 200 days are chargeable to the People, which is well over the statutory maximum, and the court erred in denying defendant's motion to dismiss the indictment.

Entered: May 1, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court