OPINION OF THE COURT
Andrew Borrok, J.
The defendant has moved to dismiss the pending charges arguing that she has been denied her right to a speedy trial pursuant to Criminal Procedure Law §§ 30.30 (1) (b) and 170.30 (1) (e) because, she alleges, 135 days have elapsed that are chargeable as nonexcludable time pursuant to CPL 30.30 (1) (b). Essentially, the principal issue before the court is whether a supporting deposition served and filed by the People carrying an incorrect docket number on it was sufficient to convert the pending charges. For the reasons set forth below, the defendant’s motion is denied.
The Relevant Facts and Circumstances
The defendant was arraigned on docket number 2015KN031946 on May 19, 2015 and charged with assault in the second degree (Penal Law § 120.05 [2]), attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the second degree (Penal Law § 120.14 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26). The matter was then adjourned until June 16, 2015 to Part AP1F for grand jury action. For CPL 30.30 purposes the time period from May 19, 2015 until June 16, 2015 is excludable time.[1]
On the ensuing return date in Part AP1F, June 16, 2015, the People voluntarily dismissed the two felony charges (assault in *1032 the second degree [Penal Law § 120.05 (2)] and attempted assault in the second degree [Penal Law §§ 110.00, 120.05 (2)]), and served and filed a supporting deposition that provides that Kathleen John (the complaining witness [CW]) had read the accusatory instrument and corroborates that the facts set forth in the accusatory instrument are in fact true. At that same appearance, the People stated in open court that they were ready for trial. While it is not clear from the record before this court, it is unlikely that the signatory to the supporting deposition in fact knew, or could or should have known the docket number when she signed the corroborating affidavit as docket numbers are assigned by the court clerk and do not otherwise appear in the four corners of the accusatory instrument as drafted by the People.[2] However, as was noted during that appearance, the docket number set forth on the supporting deposition (2015KN031948) was not the correct docket number in fact assigned by the court clerk to the case (2015KN031946) and affixed by the clerk when the accusatory instrument was filed with the court. Consequently, the court inquired as to whether the incorrect docket number on the supporting deposition was a simple transcription error made by the People’s office, and, because the People did not confirm that, the court further adjourned the matter until August 5, 2015 to AP2 for supporting deposition and conversion. For CPL 30.30 purposes, for the reasons set forth below, the time period from June 16, 2015 until August 5, 2015 is excludable time.
On August 5, 2015 in AP2, the People represented that the incorrect docket number was merely a clerical error (i.e., the final digit of the docket number should have been a “6” and not an “8”), and contended that they had been ready for trial since the June 16, 2015 court appearance when they first served and filed the supporting deposition of the CW. In other words, the People provided the very confirmation that the AP1F judge had needed in order to deem the accusatory instrument an information. Specifically, the People stated on the record “it is the People’s position that defense counsel has sufficient notice even *1033 though there is a typo on the supporting deposition that the People were ready at the AP-1F date and that it should have been put on for discovery by stipulation.” (Tr at 1, lines 9-13, AP2 [Aug. 5, 2015].) At that court appearance, there appears to have been some confusion as to the AP1F judge’s ruling in that notwithstanding the People’s confirmation that there was a transcription error, the judge who was sitting in AP2 on that date indicated that the case was on the calendar for the supporting deposition and that she was not going to “counter” the AP1F judge’s determination. (Tr at 2, lines 17-18, AP2 [Aug. 5, 2015].) In response to this pronouncement from the court, the People indicated that they did not have an additional or new supporting deposition and ultimately conceded that based upon the court’s reasoning, the People were not ready. (Tr at 2, lines 5-6, AP2 [Aug. 5, 2015].) The court then further adjourned the matter until September 18, 2015 for supporting deposition and final conversion. Accepting that the People, albeit reluctantly, acquiesced that they were “not ready,” for CPL 30.30 purposes, the 44-day period from August 5, 2015 until September 18, 2015 will be deemed chargeable as nonexcludable time.[3]
On September 18, 2015 in AP2, the People again indicated that they were ready for trial, argued anew that they had been ready from and since their June 16, 2015 AP1F court appearance, and served and filed discovery by stipulation. On that date, given the earlier proceedings in this matter, the court noted that it would need to review the record closely (including the minutes from the prior calendar appearances) prior to making a ruling and adjourned the matter until October 28, 2015 for hearings and trial. For CPL 30.30 purposes, the time period from September 18, 2015 until October 28, 2015 is excludable time.[4]
On October 28, 2015, the defendant served and filed the instant motion, the court instructed the People to file any opposition papers by November 12, 2015 and then adjourned the matter until December 15, 2015 for the court’s decision on the *1034 motion. The period from October 28, 2015 until the date of the court’s decision is excludable time for CPL 30.30 purposes.[5]
Dismissal Pursuant to CPL 30.30 (1) (b)
A speedy trial motion must be granted where a defendant is charged with a misdemeanor punishable by a sentence of imprisonment of more than three months where the People are not ready for trial within 90 days of commencement of the criminal action. (CPL 30.30 [1] [b]; People v Walton, 165 Misc 2d 672, 674 [Crim Ct, Richmond County 1995].) The defendant is charged with assault in the third degree (Penal Law § 120.00 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), both class A misdemeanors punishable by a sentence of imprisonment not to exceed one year. (Penal Law § 70.15 [1].) Therefore, the court must dismiss a pending charge if the People were not ready for trial with respect to that charge within 90 days of the defendant’s arraignment.
The defendant has the initial burden of showing, through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. (People v Santos, 68 NY2d 859, 861 [1986].) Once the defendant has made that showing, the People bear the burden of demonstrating sufficient excludable time in order to withstand the motion to dismiss. (Id.)
To be ready for trial for CPL 30.30 (1) purposes, the People must satisfy two requirements. First, they must communicate their readiness on the trial court’s record either by stating that they are ready for trial in open court on a record transcribed by a stenographer or by a statement of readiness served upon defense counsel by the People and filing the same with the appropriate court clerk to be placed in the original record. (See People v Kendzia, 64 NY2d 331, 337 [1985].) Second, the People must in fact be ready to proceed. “The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” (Id.) The People cannot be ready for trial until they have converted a misdemeanor complaint to an information. (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990].) In order for a misdemeanor complaint to be converted into an information, the factual portion of the instrument must contain *1035 “[n]on-hearsay allegations . . . [that] establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].)
The defendant argues that the supporting deposition served and filed on June 16, 2015 was not effective to convert the accusatory instrument because the docket number on the supporting deposition is incorrect. Furthermore, the defendant argues that on two different calendar appearances, in front of two different judges, the People were instructed to file a replacement supporting deposition with a corrected docket number. The defendant therefore argues that inasmuch as 135 days have elapsed since the defendant’s arraignment, the case must be dismissed pursuant to CPL 30.30. The court does not agree.
It is well settled that the court (i.e., the judge) that ultimately determines a CPL 30.30 motion to dismiss is not bound by the calendar markings and speedy trial calculations of other judges of coordinate jurisdiction. (People v Berkowitz, 50 NY2d 333, 349 [1980].) Additionally, there is a presumption that a statement of readiness is truthful and accurate. (See People v Sibblies, 22 NY3d 1174 [2014, Graffeo, J., concurring], citing People v Miller, 113 AD3d 885, 887 [3d Dept 2014], People v Acosta, 249 AD2d 161, 161 [1st Dept 1998], and People v Bonilla, 94 AD3d 633 [1st Dept 2012].) In the instant case, the People served and filed a supporting deposition which had a docket number with a single digit that was different than the docket number assigned by the court clerk to the case (i.e., “8” instead of “6”). The CW signed the supporting deposition under penalty of perjury corroborating that the facts set forth in the accusatory instrument (which accusatory instrument was not prepared by the People containing a docket number) are true and accurate. In addition, there is nothing in the record which suggests that the sticker of the docket number which is affixed to such accusatory instrument was affixed prior to the time that the CW signed the supporting deposition. Simply put, the CW’s properly executed supporting deposition corroborates the facts set forth in the accusatory instrument and nothing in the record rebuts the presumption that the People’s statement of readiness on July 16, 2015 was truthful and accurate.[6]
*1036 The defendant seems to rely on People v Annasingh (2001 NY Slip Op 40473 [U] [Crim Ct, Kings County 2001]) and People v Walsh (17 Misc 3d 480 [Crim Ct, Kings County 2007]). The issues in these cases differ from the matter under consideration in very important respects. The court in Annasingh held that when an incorrect docket number prevented the People from either stating in court that they were ready or serving on defense counsel and filing with the court a statement of readiness within the time period required by CPL 30.30, the case had to be dismissed. The Walsh court held that where the defendant might have multiple open cases, absent any docket number on the supporting deposition signed by the complaining witness, it is unclear whether the complaining witness was corroborating the facts set forth in the case before the court (i.e., the accusatory instrument in that case) or a different case involving the defendant. Therefore, the accusatory instrument remained a complaint and not an information and the case had to be dismissed. In other words, the Walsh court expressed the same concern that the AP1F judge expressed in this case— namely that the complaining witness might not in fact be corroborating the facts set forth in the accusatory instrument in the case before the court.
The defendant’s reliance on Annasingh and Walsh as support for the proposition that the court must dismiss the accusatory instrument merely because there was a single digit transcription error in the docket number to the otherwise properly executed CW supporting deposition is wholly misplaced as the People confirmed both that that was a transcription error of a single digit, and that the defendant had no other open cases that would cast doubt on the CW’s reference to the facts of the case. (See affirmation in support of People’s opposition to defendant’s motion to dismiss pursuant to CPL 30.30 at 2.) Instead, here, there simply is no doubt that the CW was in fact corroborating the facts set forth in the very accusatory instrument before this court.
Therefore, the court finds that only 44 days of nonexcludable time is chargeable pursuant to CPL 30.30 and accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 is denied.

. CPL 30.30 (5) (c).

. As is the common practice, the CW was undoubtedly presented with a copy of the accusatory instrument and a supporting deposition and asked to sign the supporting deposition if in fact the facts set forth in the accusatory instrument were true. With respect to the veracity of the CW’s factual attestation, at trial, the People will be required to prove their case beyond a reasonable doubt and the defendant may otherwise test the truthfulness and accuracy of the CW’s testimony on cross-examination.

. If the People had maintained their readiness and noted their objection for the record then the People would not be charged the 44-day time period.

. The People are entitled to a reasonable adjournment to prepare for hearings and trial. (People v Greene, 223 AD2d 474 [1st Dept 1996], Iv denied 88 NY2d 879 [1996]; People v Hernandez, 268 AD2d 344 [1st Dept 2000], Iv denied 95 NY2d 853 [2000]; People v Lucas, 25 Misc 3d 1213[A], 2009 NY Slip Op 52085[U] [Crim Ct, Kings County 2009].)

. An adjournment for motion practice and the period during which the motion is "under consideration by the court” is excludable time. (CPL 30.30 [4] [a]; People v Stewart, 57 AD3d 1312, 1314 [3d Dept 2008].)

. Nothing in the record indicates that (i) the defendant had any other open cases at this time or (ii) that the CW was not presented with the ac *1036 cusatory instrument and the supporting deposition at the same time and asked to sign the supporting deposition corroborating the facts set forth in the accusatory instrument if in fact they were true.