The People of the State of New York, Respondent,
against
Andres Torres, Appellant.




Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Jill Oziemblewski of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael Gerstein, J.), rendered August 6, 2015. The judgment convicted defendant, after a nonjury trial, of two counts of attempted sexual abuse in the second degree, three counts of sexual abuse in the third degree, three counts of attempted endangering the welfare of a child, and two counts of harassment in the second degree, and imposed sentence. The appeal from the judgment brings up for review the denial (Curtis J. Farber, J.), without a hearing, of defendant's motion to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated.




ORDERED that the order denying defendant's motion to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated is vacated and the matter is remitted to the Criminal Court for a new determination of that motion in accordance with this decision and order. The appeal is held in abeyance pending the receipt of the Criminal Court's determination, which shall be filed with all convenient speed.
On December 6, 2013, the People filed a superseding information and, in June 2014, following amendments to the superseding information, defendant was charged, with respect to [*2]three separate incidents involving two complainants, with two counts of attempted sexual abuse in the second degree (Penal Law §§ 110.00, 130.60 [2]), three counts of sexual abuse in the third degree (Penal Law § 130.55), three counts of attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]), and two counts of harassment in the second degree (Penal Law § 240.26 [1]). At a calendar call on March 23, 2015, defendant filed a CPL 30.30 motion in which he argued that his statutory right to a speedy trial had been violated. The Criminal Court (Curtis J. Farber, J.), without a hearing, denied the motion, finding that only 23 days of delay were chargeable to the People. Following a nonjury trial, defendant was convicted of all charges. 
On appeal, defendant contends that his statutory right to a speedy trial was violated; that the sexual abuse counts in the accusatory instrument were facially insufficient because they did not allege that "any purported conduct was undertaken for the purpose of sexual gratification"; that the evidence was legally insufficient; that the verdict was against the weight of the evidence; and that the imposition of six-year final orders of protection was illegal. 
The People were required to announce their readiness for trial within 90 days of the commencement of the action on July 7, 2013 (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the burden falls on the People to establish that certain periods of time should be excluded (see People v Brown, 28 NY3d 392, 403 [2016]; People v Berkowitz, 60 NY2d 333, 349 [1980]). In court on December 17, 2013, the prosecutor stated that "the People are not ready. We are subpoenaing the [complainants'] medical records" (which were subpoenaed on December 6, 2013). The People requested a two- week adjournment. The Criminal Court adjourned the matter to February 25, 2014 for a hearing and trial, on which date it was noted that the medical records were in the court file. Thereafter, the matter was adjourned numerous times and, at the March 23, 2015 calendar call, defense counsel provided the Criminal Court with a statutory speedy trial motion (see CPL 170.30 [1] [e]; 30.30 [1] [b]).'
Upon a review of the record, we find that the Criminal Court's determination should be vacated, the appeal held in abeyance and the matter remitted to the Criminal Court to afford the People an opportunity to submit written opposition to defendant's statutory speedy trial motion. While the dissent correctly states that, in response to defendant's speedy trial motion, the People were required to establish a valid reason for the change in their readiness status and that they failed to do so, we note that, after defense counsel submitted the motion to the Criminal Court, and made oral arguments in support thereof, the court immediately calculated the time chargeable to the People, finding that only 23 days of delay were chargeable to the People, and denied the motion without affording the People an opportunity to submit written opposition to, or even to orally argue, defendant's motion. Under the circumstances presented, such lack of opportunity should not be held against the People.
Accordingly, the order denying defendant's motion to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated is vacated and the matter is remitted to the Criminal Court for a new determination of that motion in accordance with this [*3]decision and order. The appeal is held in abeyance pending the receipt of the Criminal Court's determination, which shall be filed with all convenient speed.
ALIOTTA and ELLIOT, JJ., concur.
WESTON, J.P., dissents and votes to reverse the judgment of conviction, vacate the denial of defendant's motion to dismiss the accusatory instrument on the ground that his right to a speedy trial had been violated and grant that motion in the following memorandum:
Defendant moved in the Criminal Court to dismiss the accusatory instrument pursuant to CPL 30.30, arguing, among other things, that the entire period between December 17, 2013 to February 25, 2014, should be charged to the People, since they were not ready to proceed to trial without the complainant's medical records. The People did not oppose defendant's motion, either orally or in writing. Nevertheless, the Criminal Court denied defendant's motion from the bench, charging the People with only the two weeks requested by them. Concluding that the People were not afforded an opportunity to respond to defendant's motion, the majority now holds this appeal in abeyance pending remittal to the Criminal Court for the People to file written opposition to defendant's speedy trial motion. I strongly disagree with this result. In my opinion, since it was incumbent upon the People to make a record and establish a valid reason for their change in readiness in response to defendant's motion, their failure to do so warrants reversal (see People v Brown, 28 NY3d 392, 407 [2016]; People v Gonzalez, 136 AD3d 581 [2016]; People v Bonilla, 94 AD3d 633 [2012]; People v Matos, 62 Misc 3d 128[A], 2018 NY Slip Op 51864[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
A statement of readiness is presumed to be truthful and accurate, and this presumption is rebuttable upon a defendant's showing that "the People were not, in fact, ready at the time the statement was filed" (People v Brown, 28 NY3d at 400). Where, as here, the People are not ready after a prior declaration of readiness, and the defendant challenges the statement in a CPL 30.30 motion, the burden shifts to the People to "establish a valid reason for their change in readiness status to ensure that a sufficient record is made for the court to determine whether the delay is excludable" (id. at 400). "Although the defendant bears the ultimate burden of demonstrating that a statement is illusory, the People retain the obligation in the postreadiness context to ensure 'that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged with any delay' " (id. at 406, quoting People v Stirrup, 91 NY2d 434, 440 [1998]). While the People are not required to state the reasons for their delay at the calendar call, they must, at the very least, do so in response to a defendant's CPL 30.30 motion, so that the defendant "can use those asserted reasons and other relevant circumstances to establish that the People were not in fact ready to proceed when they declared that they were" (People v Brown, 28 NY3d at 406).
Here, the People failed to meet their burden of providing an explanation for their change in readiness status on December 17, 2013. Instead, the People stated that they were not ready for trial because they were subpoenaing the complainant's medical records. At no time did the People ever indicate that the medical records were not necessary to make out their prima facie [*4]case (compare People v Matos, 62 Misc 3d 128[A], 2018 NY Slip Op 51864[U] [the People's prior statement of readiness was illusory, where they never explained the change in their readiness status, either in court or in response to defendant's CPL 30.30 motion], with People v Young, 46 Misc 3d 142[A], 2015 NY Slip Op 50171[U] [the People's statement of readiness was not illusory, "as it accurately reflected the People's position of readiness at the time it was filed, since the transcript of the NYCHA hearing which they subsequently sought to obtain was not necessary to make out their prima facie case, as represented to the Criminal Court when the next adjournment was requested"] [emphasis added]). In fact, when defendant challenged the People's prior statement of readiness in light of their subsequent request for medical records, the People did not oppose that challenge either orally or in writing. Since the People did not establish a valid reason for their change of readiness, or otherwise raise "an inference that they made an initial strategic decision to proceed, if necessary, with a minimal prima facie case," I would charge the People with the entire period from December 17, 2013 to February 25, 2014 (see People v Bonilla, 94 AD3d at 633).
Although the majority agrees that the People failed to establish a valid reason for the change in their readiness status, it nonetheless concludes that the People were not afforded an opportunity to do so since the Criminal Court below immediately denied defendant's CPL 30.30 motion from the bench. Accordingly, the majority holds that the People should be entitled to a second chance at developing the record. In light of the Criminal Court's prior speedy trial admonitions, as well as the Court of Appeals' decision in People v Brown (28 NY3d 392), I refuse to adopt such a holding. 
Pursuant to People v Brown, the burden of making a proper record in these circumstances falls squarely on the People. The People had ample opportunity—both at the calendar call and at any other time prior to the court's decision—to develop the record by establishing a valid reason for their lack of readiness (id. at 406). Indeed, one Judge previously admonished the People that they were treading dangerously close to a dismissal on speedy trial grounds. By failing to develop the issue, the People forfeited any opportunity they may have had to explain their unreadiness (see e.g. People v Ligon, 66 AD3d 516 [2009]; People v Lorenzo, 272 AD2d 184 [2000]; People v Guevara,15 Misc 3d 141[A], 2007 NY Slip Op 51069[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2007]).
Finally, to remit this case to the Criminal Court for the People to explain their lack of readiness is beyond the scope of what was requested by defendant on this appeal. It is axiomatic that an appellate court's review is confined to those issues that have been appealed and which aggrieve the appealing party (see McHale v Anthony, 41 AD3d 265 [2007]). Appellate courts "are not in the business of blind siding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). For this court to decide this appeal based upon a remedy of its own creation is patently unfair. 
Accordingly, I vote to reverse the judgment of conviction, vacate the denial of defendant's [*5]motion to dismiss the accusatory instrument and grant that motion.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 17, 2019