People v Agee (2025 NY Slip Op 00742)

People v Agee

2025 NY Slip Op 00742

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

52 KA 23-01433

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD A. AGEE, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 17, 2023. The judgment convicted defendant, upon his plea of guilty, of aggravated family offense. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of aggravated family offense (Penal Law § 240.75), defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We agree with defendant that the court erred in concluding that the motion failed to contain "sworn allegations that there has been [an] unexcused delay in excess of the statutory maximum" (People v Santos, 68 NY2d 859, 861 [1986]). "A defendant seeking a speedy trial dismissal pursuant to CPL 30.30 meets [their] initial burden on the motion simply 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' " (People v Goode, 87 NY2d 1045, 1047 [1996]; see People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Channer, 209 AD2d 1056, 1056 [4th Dept 1994]). Here, defendant met that burden inasmuch as his motion sufficiently alleged the date on which the criminal action was commenced by the filing of the felony complaints and that the People did not announce their readiness for trial until defendant was indicted 239 days later, a date beyond the statutorily prescribed six-month time period (see CPL 30.30 [1] [a]; People v Amrhein, 128 AD3d 1412, 1413 [4th Dept 2015]). Defendant further alleged that the People's certificate of compliance was illusory and insufficient to stop the running of the speedy trial clock. The motion should have been granted unless the People controverted the factual basis for the motion (see Channer, 209 AD2d at 1056). We therefore reserve decision and remit the matter to County Court to rule on defendant's statutory speedy trial motion on the merits after consideration of the People's opposition (see People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]; Channer, 209 AD2d at 1056).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court